423 So.2d 553 (1982)
W.T. PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. AK-397.
District Court of Appeal of Florida, First District.
December 15, 1982.
*554 Melanie Ann Hines, Asst. Public Defender, Tallahassee, for appellant.
Jim Smith, Atty. Gen., and David P. Gauldin, Asst. Atty. Gen., for appellee.
SHIVERS, Judge.
Parker appeals his convictions and sentences for two counts of attempted second degree murder and one count of possession of a weapon by a State prisoner. We reverse.
Appellant was charged with the above offenses while incarcerated at Florida State Prison. After appellant requested the appointment of counsel, an Assistant Public Defender was appointed to represent him on these charges. Thereafter, appellant filed with the trial court a pro se motion to dismiss his court appointed counsel on the grounds that his counsel was acting in collusion with the State and was not providing him with effective representation. After the trial court refused to consider Parker's pro se motion to dismiss, counsel for appellant filed a motion for leave to withdraw from the representation of appellant "for the reason that defendant desires to represent himself." The motion to withdraw incorporated by reference appellant's pro se motion to dismiss his court appointed counsel. At the hearing on the motion to withdraw, counsel for appellant again requested that the trial court discharge him from the representation of appellant because appellant "apparently wants to represent himself... ." The trial court refused to consider appellant's pro se motion as a request to represent himself and admonished counsel for interpreting appellant's pro se motion as a request to represent himself and for incorporating appellant's pro se motion in the motion to withdraw. In refusing to consider appellant's pro se motion to dismiss, the trial court commented that
[i]f I were going to assume anything by his motion, the fair assumption would be that he wants other counsel, not that he wants to represent himself. He hasn't even given the slightest inference of that.
Based on this interpretation of appellant's pro se motion, the trial court denied the motion to withdraw. On the day of trial, appellant advised his attorney of the existence of several witnesses who could testify on his behalf. Since counsel for appellant had not previously interviewed these witnesses, the trial court gave him the opportunity to do so before trial. After interviewing the witnesses, counsel for appellant advised the court that he was ready to proceed *555 to trial subject to an announcement made on the record. At that point, appellant objected pro se to his case proceeding to trial on the ground that the defense was not ready. Despite appellant's objection, the trial was commenced. After the defense rested without having presented any evidence or testimony, the jury returned verdicts of guilty as charged. On appeal, appellant contends that the trial court violated his right to self-representation and right to effective assistance of counsel as guaranteed by the Sixth Amendment of the United States Constitution and Article I, Section 16 of the Florida Constitution.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), the Fourth District Court of Appeal set forth the procedures which a trial court should follow when a defendant requests the discharge of his court appointed counsel before the commencement of trial. There, the court held that:
... where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
In Nelson, the trial court failed to follow this procedure after the defendant moved to discharge his court appointed counsel before the commencement of trial. Based on this failure by the trial court, the court found that Nelson's right to counsel was not adequately protected and, therefore, quashed the trial court's order denying Nelson's motion to vacate his conviction.
Here, as in Nelson, the trial court failed to adequately protect the defendant's right to counsel. Appellant clearly and unequivocally requested the trial court to discharge his court appointed counsel on the ground that counsel was not rendering effective assistance of counsel. Despite this request, the trial court not only failed to conduct an inquiry to determine whether there was a reasonable basis for appellant's claim, it refused to even consider appellant's pro se motion. The trial court should have followed the procedure set forth in Nelson and conducted an evidentiary hearing to determine whether there was a reasonable cause to believe that appellant's court appointed counsel was not rendering effective assistance. Having failed to conduct such an evidentiary hearing, we believe that the trial court failed to adequately protect appellant's constitutional right to counsel and, therefore, appellant's convictions must be reversed and the cause remanded to the trial court for a new trial. See Nelson v. State, supra.
Furthermore, we believe that appellant's convictions must also be reversed on the ground that the trial court denied him his right to self-representation. There is no question that a defendant has the right to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975); Goode v. State, 365 So.2d 381 (Fla. 1978); State v. Cappetta, 216 So.2d 749 (Fla. 1968). In the absence of unusual circumstances, an accused who is mentally competent has the right to conduct his own defense without counsel. State v. Cappetta, supra. However, in order "[t]o invoke this right the criminal defendant must make an unequivocal request to act as his own lawyer. Such request must be made prior to the commencement of trial." Id., at 918. Upon receiving a *556 timely motion to proceed pro se, Faretta places the duty on the trial court to make the defendant aware of the benefits he must relinquish and the dangers and disadvantages of self-representation. Thereafter, the trial court must determine whether the defendant has made his choice voluntarily and intelligently. Keene v. State, 420 So.2d 908 (Fla. 1st DCA 1982). The State contends that the trial court did not have a duty to apprise appellant of the dangers and disadvantages of self-representation and to determine whether his decision to proceed pro se was made voluntarily and intelligently because appellant never affirmatively requested to represent himself. We disagree.
That appellant made an unequivocal request to act as his own lawyer is evidenced by the fact that the motion to withdraw filed by counsel for appellant expressly requested the trial court to allow counsel permission to withdraw from the representation of appellant "for the reason that defendant [Parker] desires to represent himself." In addition, counsel for appellant informed the trial court of appellant's desire to represent himself at the hearing on the motion to withdraw. Based on these facts, we believe that appellant sufficiently invoked his right to proceed pro se and that the trial court should have conducted an inquiry to determine whether he was aware of the dangers and disadvantages of self-representation as well as whether his choice of self-representation was voluntarily and intelligently made. Williams v. State, 337 So.2d 846 (Fla. 2d DCA 1976). By failing to conduct such an inquiry and forcing appellant to proceed to trial with counsel he believed to be ineffective, we believe that the trial court effectively denied appellant his constitutional right to represent himself. This fact alone is sufficient grounds for reversing appellant's convictions.
For the reasons stated above, we reverse appellant's convictions and sentences and remand the matter to the trial court for a new trial.
REVERSED and REMANDED.
ERVIN and LARRY G. SMITH, JJ., concur.