439 So.2d 961 (1983)
Michael ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 82-2494.
District Court of Appeal of Florida, Fourth District.
October 19, 1983.
*962 Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Marlyn J. Altman, Asst. Atty. Gen., West Palm Beach, for appellee.
PER CURIAM.
Michael Anderson appeals from his conviction of armed burglary and sexual battery.
The victim, a thirteen year old boy, awoke to find a man armed with a pocket knife in his bedroom. The man assaulted him sexually. Because of the darkness, the victim did not have a clear view of the assailant and knew only that he was black. At the lineup the victim could not identify any suspect. The police lifted two fingerprints from the windowsill of the victim's home which matched appellant's fingerprints and also discovered semen and pubic hairs consistent with samples taken from appellant.
On the opening day of trial, defense counsel moved to withdraw on the ground that it might become necessary for him to testify that the victim said during the lineup, "He's not there." The trial court denied counsel's motion to withdraw. After the victim testified, the defense counsel moved for a mistrial. The court denied this motion as well.
Appellant raises two points on appeal. First, he contends the trial court erred in denying his motion to withdraw and in denying his subsequent motion for a mistrial. Second, he contends the trial court should have excluded testimony concerning changes in the victim's behavior pattern following the attack.
We find no merit in appellant's first point. Appellant deposed the victim prior to trial and could have made a timely motion to withdraw, had he established that the victim's recollection differed from the statements made at the lineup. The trial judge did not abuse his discretion when he denied counsel's eleventh hour motion to withdraw based on a mere speculation as to the nature of the victim's testimony.
We agree with appellant's contention that the trial court should have excluded the testimony related to the changes in the victim's behavior pattern following the assault. See Bynum v. State, 76 Fla. 618, 622, 80 So. 572, 573 (1918).
The essential elements to be proven were the sexual intercourse, the age of the woman, her unmarried state, and previous chaste character. What happened after the criminal act in no wise affected either the guilt or innocence of the accused. Her giving birth to a dead child, her sufferings, the impairment of her health, were not material to the issues involved.
However, we do not conclude the admission of this testimony in the case sub judice requires a new trial. Our review of the record satisfies us that the testimony had no real prejudicial effect. In view of the substantial evidence establishing appellant's guilt, we hold that the admission of this testimony constituted harmless error.
Accordingly, we affirm appellant's conviction and sentence.
AFFIRMED.
ANSTEAD, C.J., and BERANEK and DELL, JJ., concur.