476 So.2d 321 (1985)
STATE of Florida, Appellant,
v.
Jimmie Dwight GREEN, Appellee.
No. 84-592.
District Court of Appeal of Florida, Second District.
October 11, 1985.
*322 Jim Smith, Atty. Gen., Tallahassee, and Ann Garrison Paschall, Asst. Atty. Gen., Tampa, for appellant.
Douglas A. Wallace, Bradenton, for appellee.
LEHAN, Judge.
The state appeals the order of the circuit court granting defendant's motion for post-conviction relief pursuant to rule 3.850, Florida Rule of Criminal Procedure. We reverse.
Defendant's motion alleged three grounds, one of which was conceded by defendant to be insufficient, was not relied upon by the trial court, and is not an issue on appeal. We conclude that the other two grounds were (1) that, contrary to the requirements set forth in the case law, e.g., Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982), there was an insufficient inquiry into defendant's request that his court appointed counsel be discharged, and (2) that defendant's guilty plea to the charge of possessing a firearm in violation of Florida Statute § 790.23 was coerced because the defendant pleaded guilty to that charge only after the request referred to in ground (1) was denied.
Ground (2) is inextricably related to and dependent upon ground (1) because if defendant was not entitled to the inquiry referred to in ground (1) (and to the discharge of court appointed defense counsel) there could have been no "coercion" of the guilty plea of the type referred to in ground (2). Therefore, if ground (1) provides an insufficient basis for relief, ground (2) is also insufficient.
Ground (1) did not provide sufficient grounds for relief because matters which could have been raised on direct appeal may not be raised in a rule 3.850 motion. Jones v. State, 446 So.2d 1059 (Fla. 1984); Smith v. State, 444 So.2d 542 (Fla. 1st DCA 1984); Williams v. State, 427 So.2d 768 (Fla. 2d DCA 1983); and Parker v. State, supra. Whether or not the trial court erred in denying defendant's request for a discharge of counsel by failing to follow the proper procedures as required by the case law could have been determined from the record on direct appeal.
We note that on his prior direct appeal to this court defendant unsuccessfully argued that the trial court erred in failing to grant a continuance of the trial so that defendant could be represented by private counsel. To the extent that defendant's rule 3.850 motion might arguably be construed to incorporate those same grounds, those grounds were not properly included in the rule 3.850 motion. McCrae v. State, 437 So.2d 1388 (Fla. 1983).
Also, the record shows that the defendant indicated to the trial court prior to his trial that he was satisfied with proceeding to trial with his court appointed counsel. Therefore, it appears that defendant in effect withdrew his request for the discharge of court appointed counsel. There could hardly have been error in the failure to conduct an inquiry into a rescinded request.
The order vacating judgment and sentence is hereby reversed and the judgment and sentence is reinstated.
GRIMES, A.C.J., and SCHEB, J., concur.