518 So.2d 957 (1988)
Douglas KOTT, Appellant,
v.
STATE of Florida, Appellee.
No. BS-67.
District Court of Appeal of Florida, First District.
January 15, 1988.
Gwendolyn Spivey Lanier, Orlando, for appellant.
Robert A. Butterworth, Atty. Gen. and Bradford L. Thomas, Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
The appellant raises three issues in this criminal appeal, contending that the trial court reversibly erred in denying his motion for judgment of acquittal, in refusing to instruct the jury as to his theory of the case, and in summarily denying his pro se motion to dismiss court-appointed counsel. We affirm as to all three issues, but address only the third issue on appeal, considering the first two without merit.
The appellant was charged with inmate possession of contraband, to wit: a weapon. *958 Before trial the appellant moved to dismiss his court-appointed attorney.[1] On the day of the trial, the court, after acknowledging that it had seen the appellant's motion to dismiss his counsel, then inquired, "Do you have any comments you wish to make other than or in addition to those contained in the motion?" Upon appellant's negative response, the court denied the motion, and appellant proceeded to trial with his attorney and was found guilty of the offense charged.
The appellant argues that the trial court's failure to make an adequate inquiry as to the grounds for his motion to dismiss counsel denied him his constitutional right to effective assistance of counsel and was therefore fundamental error. We disagree. Although it is well settled that when a defendant voices a seemingly substantial complaint about counsel, the court should make a thorough inquiry concerning the reasons for a defendant's dissatisfaction, Hudson v. Rushen, 686 F.2d 826 (9th Cir.1982), cert. denied, 461 U.S. 916, 103 S.Ct. 1896, 77 L.Ed.2d 285 (1983); McKee v. Harris, 649 F.2d 927 (2d Cir.1981), cert. denied, 456 U.S. 917, 102 S.Ct. 1773, 72 L.Ed.2d 177 (1982), the trial court's failure to make a thorough inquiry and thereafter deny the motion for substitution of counsel is, however, not in and of itself a Sixth Amendment violation. In determining whether an abuse of discretion warranting reversal has occurred, an appellate court must consider several factors, in addition to the adequacy of the trial court's inquiry regarding the defendant's complaint, including as well whether the motion was timely made, and if the conflict was so great as to result in a total lack of communication preventing an adequate defense. United States v. Allen, 789 F.2d 90 (1st Cir.), cert. denied, ___ U.S. ___, 107 S.Ct. 164, 93 L.Ed.2d 103 (1986).
In the present case, the record reflects that defendant's motion to dismiss counsel was timely filed before trial. Although the trial court's inquiry as to the grounds stated for discharge was not extensive, the court acknowledged receipt of the motion and gave defendant an opportunity to argue the motion further. When the appellant did not respond, the motion was denied. The most important circumstance militating in favor of affirmance, however, is the fact that the appellant proceeded to trial with his court-appointed counsel, and made no additional attempt to dismiss counsel or request self-representation. Similarly, there is no evidence in the record of any conflict or lack of communication during the trial between appellant and his attorney that would support a finding that the appellant did not receive an adequate defense. Thus, based on the record at bar, we conclude that the trial court's failure to conduct a more extensive inquiry regarding the merits of the motion to discharge did not violate the appellant's Sixth Amendment right to effective assistance of counsel, and was at most harmless only. See McKee v. Harris, (where failure to inquire causes the defendant no harm, such procedural irregularity cannot by itself be a basis for granting a writ of habeas corpus); United States v. Morrissey, 461 F.2d 666 (2d Cir.1972) (trial court's perfunctory inquiry was not erroneous where complete record showed no irreconcilable conflict which seriously impaired attorney's usefulness); State v. Green, 476 So.2d 321 (Fla. 2d DCA 1985) (no error caused by the court's failure to conduct inquiry where defendant effectively withdrew request for discharge of court-appointed counsel); State v. Hurst, 82 N.C. App. 1, 346 S.E.2d 8 (1986) (although generally it is better practice to inquire as to defendant's objections to court-appointed counsel, trial court is not required to conduct a detailed hearing).
The case on review is distinguishable from Parker v. State, 423 So.2d 553 (Fla. *959 1st DCA 1982), and Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), relied upon by appellant. In Nelson, after the defendant had requested the dismissal of appointed counsel, the motion was granted without inquiry, and the defendant was required to proceed to trial without the assistance of counsel. In Parker, the defendant made a request to dismiss counsel "for the reason that defendant desires to represent himself", but the trial court summarily dismissed the motion. Both of the above cases implicated more serious Sixth Amendment concerns than the case at bar: Nelson was given no choice other than self-representation, without any inquiry regarding his ability to defend himself, and Parker, who desired to represent himself, was never given a chance to exercise that right. The appellant at bar, however, did not request to proceed pro se, nor was he forced to do so. Instead, after denial of his motion, he accepted court-appointed counsel without any allegation of additional conflict or dissatisfaction.
AFFIRMED.
JOANOS, J., concurs.
BARFIELD, J., concurs with written opinion.
BARFIELD, Judge, concurring:
I concur only in the result. I cannot concur in the conclusion that this defendant having made his motion and not further objecting during the course of the trial indicated his acceptance of court-appointed counsel. I am satisfied upon examination of the motion and the record on appeal that the defendant was given ample opportunity to be heard on his motion but declined to offer any substantiating basis for the several allegations in the motion, and it was appropriately denied.
NOTES
[1] The motion alleged that his attorney had failed to (1) locate, investigate, and take statements from witnesses, (2) prepare adequately a defense, file pretrial motions and inform the appellant of the progress of the case, (3) provide adequate and effective assistance of counsel, and (4) prepare adequately a defense, as a result of counsel's extremely large case load. It further alleged that a conflict of interest existed between defendant and his counsel, and that counsel's assistance had been so ineffective that a complaint with the Florida Bar had been filed.