570 So.2d 1053 (1990)
Johnny Walter PARKER, Appellant,
v.
STATE of Florida, Appellee.
No. 89-2633.
District Court of Appeal of Florida, First District.
November 27, 1990.
*1054 Barbara M. Linthicum, Public Defender, Lawrence M. Korn, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Carolyn J. Mosley, Asst. Atty. Gen., Tallahassee, for appellee.
WOLF, Judge.
Johnny Walter Parker appeals from his conviction and sentence for armed robbery, kidnapping, two counts of aggravated assault, and one count of second degree felony murder.
The appellant raises a number of issues on appeal. In light of our affirmance of the judgment and sentence of the appellant's codefendant and brother, James Robert Parker, case no. 89-2662, where we addressed most of the issues raised by the appellant, it is unnecessary for us to readdress all those issues here. Two issues, however, need to be addressed herein: 1) Whether the trial court erred in failing to conduct an inquiry on appellant's pro se motion to discharge appointed counsel; and 2) whether the split sentence imposed violates the constitutional prohibition against double jeopardy.
On June 1, 1989, appellant wrote a letter to the trial court expressing problems with his court-appointed counsel. The letter was received by the clerk on June 6, 1989. The letter expressed that there was a personality conflict between the defendant and his attorney, that defense counsel would not meet with him, and that defense counsel was filing motions without the consent of the defendant.
On August 10, 1989, the defendant filed a pro se motion to disqualify and dismiss counsel. The motion alleged that counsel had failed to communicate with the appellant and had failed to discuss the legal implications of motions which had been filed. All the rest of the allegations were strictly conclusory and had no factual support.
After filing the motion, the defendant had several opportunities to personally advise the court of dissatisfaction with counsel and to ask that the court consider his motion. Approximately one week after filing the motion, Parker appeared with his defense counsel at a suppression hearing and spoke in his own defense, not once expressing dissatisfaction with his court-appointed counsel. At the appellant's sentencing hearing, he again spoke in his own behalf without expressing dissatisfaction with his counsel.
The instant case is similar to Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988), where this court stated:
The most important circumstance militating in favor of affirmance, however, is the fact that the appellant proceeded to trial with his court-appointed counsel, and made no additional attempt to dismiss counsel or request self-representation. Similarly, there is no evidence in the record of any conflict or lack of communication during the trial between appellant and his attorney that would support a finding that the appellant did not receive an adequate defense.
Id. at 958 (emphasis in original).
In Kott, the court concluded that the trial court's failure to conduct a more extensive inquiry regarding the merits of the motion to discharge did not violate the appellant's sixth amendment rights to effective assistance of counsel, and was at most harmless error. Id. at 958.
We adopt the reasoning of Kott which distinguished Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982), and Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973):

*1055 In Nelson, after the defendant had requested the dismissal of appointed counsel, the motion was granted without inquiry, and the defendant was required to proceed to trial without the assistance of counsel. In Parker, the defendant made a request to dismiss counsel `for the reason that defendant desires to represent himself', but the trial court summarily dismissed the motion. Both of the above cases implicated more serious Sixth Amendment concerns than the case at bar: Nelson was given no choice other than self-representation, without any inquiry regarding his ability to defend himself, and Parker, who desired to represent himself, was never given a chance to exercise that right. The appellant at bar, however, did not request to proceed pro se, nor was he forced to do so.
Id. at 959 (emphasis in original).
Further, unlike Jones v. State, 558 So.2d 131 (Fla. 1st DCA 1990), there is no specific factual allegation of incompetency on the part of defense counsel.[1]
In light of the overwhelming evidence of guilt, the legal insufficiency of the motion, the defendant's failure to pursue the motion although having the opportunity to do so, and a record which reveals no evidence of incompetency, we find that the failure to conduct an inquiry was harmless error. See Kott v. State, supra.
In addition, we find no error in the imposition of the probationary split sentence. See Poore v. State, 531 So.2d 161 (Fla. 1988)
Affirmed.
WENTWORTH and MINER, JJ., concur.
NOTES
[1] In Jones v. State, there were specific allegations that counsel failed to interview witnesses. The main allegation in the instant case is a failure to communicate, but such a failure is not apparent from a review of the counsel's performance at trial, nor are specific facts alleged which would indicate that trial counsel failed to properly present a defense. Much of the motion before the court involved legally insufficient conclusions.