605 So.2d 534 (1992)
James KEARSE, Appellant,
v.
STATE of Florida, Appellee.
No. 91-39.
District Court of Appeal of Florida, First District.
September 17, 1992.
*535 James Kearse, pro se.
Robert A. Butterworth, Atty. Gen., Charles T. Faircloth, Jr., Asst. Atty. Gen., Tallahassee, for appellee.
ERVIN, Judge.
Appellant, James Kearse, seeks reversal of his conviction for sale or delivery of cocaine and the 20-year habitual felony offender sentence imposed therefor. Although appellant has raised six issues on appeal, it is unnecessary to address four of those issues, because we conclude that the case should be reversed and remanded for new trial under the first two issues relating to the trial court's failure to conduct a proper Nelson[1] inquiry in response to appellant's motion to dismiss court-appointed counsel, and its failure to conduct a proper Faretta[2] hearing in regard to appellant's request to represent himself.
In appellant's pro se motion to dismiss his court-appointed counsel, filed approximately one month prior to trial, appellant alleged, inter alia, incompetent assistance of counsel, stating that his attorney had done nothing on his behalf at a bail reduction hearing, and that counsel refused to file an appeal. He further alleged a conflict of interest, in that he and his attorney had disagreed on the motion for reduction of bail; that his attorney was biased toward him because he is black and is being tried as a repeat offender; and, as a consequence of same, he was deprived of his constitutional rights.
At the hearing on appellant's motion, the judge ascertained that appellant had talked to several members of the public defender's office who assured him that an appeal on the order denying bond reduction would *536 be made. The judge asked appellant whether he had personally prepared the motion to discharge his attorney, and he admitted that an inmate had assisted him. When questioned about his legal experience, appellant stated he had been in prison before and that he had some legal education while in prison. The court informed appellant that he probably did not have enough legal experience to represent himself, and that he did not have the right to have a particular lawyer appointed to represent him. Appellant then stated that he wanted the court to inquire into his ineffectiveness claim, explaining that he wanted his attorney to file a statement of particulars before she took depositions, that counsel did not properly investigate the case, and that it would be too late to investigate by October 22, 1990 (the trial date). When asked if he wanted to represent himself, appellant responded, "No sir, I sure don't." The judge then denied appellant's motion, explaining that he would talk to defense counsel himself.
During the week preceding trial, appellant filed a pro se motion for dismissal of the information, raising entrapment. The motion was discussed just prior to trial. The court stated it would decline to entertain the motion unless it was adopted by counsel. Counsel explained that she had told appellant that she would not adopt the motion and that appellant wished to proceed pro se. Appellant then informed the judge that he desired to represent himself "on that particular motion." The court still declined to consider the motion. Appellant then said he wanted to represent himself during the entire trial, stating that he felt he had no other choice. The court repeated that it would not entertain the motion, and appellant proceeded to trial with his court-appointed counsel and was subsequently convicted.
Our supreme court has approved the following procedure when the defendant asserts in a motion to discharge counsel that his right to counsel is impaired due to incompetence of court-appointed counsel:
"If incompetency of counsel is assigned by the defendant as the reason, or a reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute."
Hardwick v. State, 521 So.2d 1071, 1074-75 (Fla.) (quoting Nelson v. State, 274 So.2d 256, 258-59 (Fla. 4th DCA 1973)), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988).
In deciding whether a trial court conducted an appropriate Nelson inquiry, appellate courts apply the review standard of abuse of discretion. Kott v. State, 518 So.2d 957, 958 (Fla. 1st DCA 1988); Anderson v. State, 439 So.2d 961, 962 (Fla. 4th DCA 1983). We have held that a trial court's discretion is abused if the court fails to provide the defendant with the opportunity to explain why he or she objects to counsel or fails to conduct the above inquiries. See Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982). See also Brooks v. State, 555 So.2d 929 (Fla. 3d DCA 1990); Williams v. State, 532 So.2d 1341 (Fla. 4th DCA 1988).
In the instant case, appellant requested that his court-appointed counsel be dismissed, and, in doing so, asserted incompetency as one of the grounds for relief in his motion. Although a Nelson inquiry was not required as to the conflict of interest and bias claims,[3] such an inquiry was required as to appellant's claims of ineffectiveness. *537 While the trial court did provide appellant with an opportunity to explain his reasons and complaints set out in his motion, it did not question defense counsel as to those complaints. Additionally, the trial court failed to question counsel concerning the issue of competency raised orally during the hearing when appellant asserted that counsel had not asked for a bill of particulars before she took depositions. Finally, the court failed to make rulings as to the sufficiency of any of the ineffectiveness claims. Thus, because the record does not clearly show that the trial court followed Nelson, we hold that the court abused its discretion as to appellant's motion to discharge his attorney and reverse.
Turning to the second issue, the standard of review regarding a trial court's decision as to self-representation is also that of abuse of discretion. Lamb v. State, 535 So.2d 698, 698 n. 1 (Fla. 1st DCA 1988). It is well established that an accused has the right to represent himself. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In most cases the accused's defense is obviously better with counsel's guidance; however, if a defendant does not voluntarily accept representation by counsel, counsel may not be forced on the defendant. Id. at 834, 95 S.Ct. at 2540, 45 L.Ed.2d at 581. Although the defendant need not have the skill and experience of a lawyer in order to competently and intelligently choose self-representation, he or she must be made aware of the dangers and disadvantages of self-representation so that the record will establish the defendant made the choice with open eyes. Id. at 835, 95 S.Ct. at 2541, 45 L.Ed.2d at 581-82.
A defendant may choose to proceed without an attorney either by directly requesting same for good reason or by persistent demand for same in the absence of a sufficient reason. Smith v. State, 444 So.2d 542, 545 (Fla. 1st DCA 1984) (persistent demand that court-appointed counsel be discharged, even though court determined there was an insufficient reason to do so, is tantamount to a request to represent oneself). Under either circumstance, the trial court must make an adequate inquiry to determine whether the defendant is knowingly and intelligently waiving the right to counsel. Thus, the trial court is required
"to make the defendant aware of the benefits he must relinquish, and the dangers and disadvantages of self-representation. Thereafter the trial court must determine whether defendant has made his choice voluntarily and intelligently. We have further held that the trial court should determine whether unusual circumstances exist which would cause the accused to be deprived of a fair trial if permitted to conduct his own defense, and that the purpose of such inquiries, such as the accused's age, mental derangement, lack of knowledge, education or inexperience in criminal proceedings, is to make certain that defendant is aware of the disadvantage under which he is placing himself by waiving counsel."
Smith, 444 So.2d at 545 (quoting Keene v. State, 420 So.2d 908, 910 (Fla. 1st DCA 1982)). See also Williams v. State, 427 So.2d 768, 770-71 (Fla. 2d DCA 1983).
The state has argued that appellant was equivocal in his request to proceed pro se and that he waived his right to self-representation. The request to proceed pro se must be clear and unequivocal. Faretta; Hardwick, 521 So.2d at 1074. Although appellant was equivocal initially when he moved to discharge his attorney, and, in fact, stated that he did not wish to represent himself, nonetheless, once the lower court refused to consider his pro se motion to dismiss, appellant clearly stated that he wished to represent himself during the entire trial. At such point, it cannot be concluded that appellant's request to represent himself was equivocal.
As for the state's waiver argument, waiver of the right to self-representation is more easily established than waiver of the right to counsel. Brown v. Wainwright, 665 F.2d 607, 610-11 (5th Cir.1982). Waiver may appear if it is reasonably shown that the defendant has abandoned an initial request for self-representation. *538 Id. See also Myles v. State, 582 So.2d 71, 72 (Fla. 3d DCA 1991), quashed on other grounds, 602 So.2d 1278 (Fla. 1992). In the instant case, the state contends that appellant waived his right to represent himself in that, after his request to proceed pro se was denied, he requested continuances for the purpose of speaking with his attorney about adopting his motion to dismiss and retaining other counsel, and, once they were denied, thereafter proceeded to trial with court-appointed counsel. We cannot agree that such conduct is tantamount to waiver, because the court had previously denied his motion for self-representation. Cf. Myles (defendant who filed various motions to discharge court-appointed attorneys and to allow him to represent himself or act as co-counsel, waived right to self-representation when he later told the trial court that he did not want to represent himself); Brown v. Wainwright (defendant who initially asked to represent himself, but who later asked counsel to continue representation, waived right to self-representation, especially since counsel stated on the record that he and defendant had worked out differences and defendant did not renew his request before trial).
Because appellant clearly and unequivocally requested that he be allowed to represent himself and did not waive his right to self-representation, the court was required to hold a Faretta hearing to determine whether appellant's waiver of counsel was voluntary and knowing. This the court failed to do. For example, the court never raised any question regarding appellant's age or mental status. Yet the record discloses that appellant was 38 at the time of trial and needed only six more academic hours to obtain an associate's degree. His argument and motions certainly show him to be a literate person. In our judgment, the trial court abused its discretion by focusing only on appellant's lack of legal experience. As stated in Faretta, a person need not be schooled in the law in order to competently elect to represent himself. As long as a person is mentally competent and sui juris, he has the right of self-representation. State v. Cappetta, 216 So.2d 749 (Fla. 1968), cert. denied, 394 U.S. 1008, 89 S.Ct. 1610, 22 L.Ed.2d 787 (1969); Williams, 427 So.2d at 770. Thus, reversal and remand for new trial is required. Smith (new trial directed because trial court did not make requisite inquiry regarding self-representation); Hayes v. State, 566 So.2d 340 (Fla. 2d DCA 1990) (new trial ordered because trial court failed to sufficiently inquire regarding whether defendant's waiver of counsel was voluntarily and intelligently made).
As a result of our disposition of the first two issues, the remaining four issues appellant raised have been rendered moot. The trial court, however, should consider Johnson v. State, 589 So.2d 1370 (Fla. 1st DCA 1991), petition for review filed, No. 79,150 (Fla. Dec. 31, 1991), if, after remand, the imposition of a habitual felony offender sentence is once again considered.
REVERSED and REMANDED for new trial.
SMITH and KAHN, JJ., concur.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[3] The trial court is not required to conduct a full Nelson inquiry when incompetency is not the stated basis for the motion for discharge. Johnson v. State, 560 So.2d 1239, 1240 (Fla. 1st DCA 1990).