616 So.2d 150 (1993)
Roderick Kimberly CRYSTAL, Appellant,
v.
STATE of Florida, Appellee.
No. 91-2907.
District Court of Appeal of Florida, First District.
March 30, 1993.
*151 Nancy A. Daniels, Public Defender, Paula S. Saunders, Asst. Public Defender, Tallahassee, for appellant.
Robert A. Butterworth, Atty. Gen., Sara D. Baggett, Asst. Atty. Gen., Tallahassee, for appellee.
MINER, Judge.
Arguing that the trial court erred by (1) failing to conduct a proper inquiry to determine whether he knowingly and intelligently waived his right to counsel at trial, and (2) refusing to instruct the jury on voluntary intoxication as requested, appellant, Roderick Crystal, seeks review of his conviction and sentence for burglary with assault and attempted third degree murder. Because we find merit to his first point on appeal and are obliged to reverse his convictions on that basis, we do not reach the trial court's refusal to instruct the jury on voluntary intoxication.
Crystal was charged with burglary with an assault and attempted first degree murder of Jennifer Wadsworth, a student at the University of West Florida. Appellant allegedly entered Ms. Wadsworth's dormitory room sometime after midnight on March 8, 1991, straddled her in her bed as she lay sleeping, and attempted to put a cord around her neck. She fought and screamed until Crystal ran from the room. In due course, the police were called and the appellant was apprehended and charged.
Prior to trial, appellant made known to the court that he desired to defend himself against the pending charges and wished to discharge his appointed public defender. Following a lengthy discussion between appellant, counsel and the court during which the judge cautioned appellant regarding self-representation on such serious charges, the judge acceded to appellant's emphatically stated wish to represent himself but appointed the public defender as standby counsel.
Several days later, upon reviewing this court's opinion in Davis v. State, 582 So.2d 1256 (Fla. 1st DCA 1991),[1] the trial court decided to revisit the matter of appellant's self-representation. Crystal's standby public defender informed the court, as follows:
[ASST. P.D.]: [Appellant] emphatically stated he relieved me and formally requested that I get off his case. I complied with his request. I would like to state that Mr. Crystal has some college education. Just this past week we did a deposition out at the jail. Mr. Crystal did it, one to perpetuate testimony for trial, and he performed very well in that particular proceeding. I think the defendant has a right to proceed pro se. He's indicated emphatically he wants to proceed pro se. I would ask that he be allowed to do so.
*152 The state objected, and asked that counsel be reappointed. There followed further discussion concerning appellant's desire to represent himself. Appellant stated: "I'm not trying to sit up here and say hey, I got a Harvard law degree, but I do understand certain things and what I don't understand I can turn around and say what is this going on. Because I do believe I have enough intelligence to understand something." At the conclusion of the proceeding, the trial court decided to reappoint counsel and announced the following findings:
[T]he court, after considering the testimony of the defendant, after reading the transcript of the proceedings hereby makes a finding of fact the defendant has failed to demonstrate that he is literate, competent and understanding, and although the defendant wishes to represent himself and fire the Public Defender's office, the court finds as a matter of fact based upon the record the defendant is not voluntarily exercising an informed free will. The court is making a finding of fact based upon the absence of the defendant's educational background and experience in trying cases in criminal procedure and the court further finds the defendant has demonstrated his unfamiliarity with the Rules of Criminal Procedure and his lack of training in the adversarial system. In consideration of the above the court hereby reappoints the Public Defender's office instanter to represent the defendant in the above styled case.
At the start of the trial the week following, Crystal renewed his request to represent himself, which request was denied.
On appeal, citing to Florida Rule of Criminal Procedure 3.111(d)(3) and Perkins v. State, 585 So.2d 390 (Fla. 1st DCA 1991), appellant argues that the trial court failed to follow mandatory procedures for determining whether his desire to represent himself was intelligent and understanding and whether he was literate and competent. Pointing out that no questions were asked of him by the court concerning his education, experience and mental capacity, appellant finds no support in the record for the court's conclusion that in requesting to represent himself Crystal was "not voluntarily exercising an informed free will."
The state counters that rule 3.111(d) permits the court to consider factors other than mental condition, age, experience and the like in deciding if a defendant's waiver of counsel is intelligent and understanding. Specifically, the state points to factors such as appearance, demeanor and the ability to communicate that might be gleaned by the court during a face-to-face encounter and might reflect on one's maturity and awareness of circumstances. While acknowledging that the trial court did not inquire as to appellant's age, education and experience, the state argues that inquiry into each and every factor which might bear on intelligent and understanding waiver of counsel is not required.
A trial court's decision as to self-representation is subject to an abuse of discretion standard of review. Kearse v. State, 605 So.2d 534 (Fla. 1st DCA 1992), rev. denied, 613 So.2d 5 (Fla. 1993); Lamb v. State, 535 So.2d 698, n. 1 (Fla. 1st DCA 1988). It is well established that a defendant has the right to self-representation. Although, in most cases, an accused's defense would benefit from counsel's assistance, where the accused does not voluntarily accept representation, counsel may not be forced upon him. Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). In Florida, the supreme court has established a procedure to be followed where a defendant wishes to waive counsel's assistance. The following provisions pertain to the instant case:
(2) A defendant shall not be deemed to have waived the assistance of counsel until the entire process of offering counsel has been completed and a thorough inquiry into accused's comprehension of that offer and his capacity to make that choice intelligently and understandingly has been made.
(3) No waiver shall be accepted where it appears that the defendant is unable to make an intelligent and understanding choice because of his mental condition, *153 age, education, experience, the nature or complexity of the case, or other factors.
Fla.R.Crim.P. 3.111(d).
Apparently relying upon rule 3.111(d)(3), the trial court refused to accept appellant's waiver of counsel based upon the judge's finding that appellant was "not voluntarily exercising an informed free will." Although the court cited appellant's "failure to demonstrate that he is literate, competent and understanding," it had been represented by his standby public defender that appellant had "some college education," and nothing in appellant's exchanges with the judge suggested that he was not intelligent or competent. Indeed, the only record basis for the court's ruling was expressed by means of the following list of perceived shortcomings: "the absence of defendant's educational background and experience in trying cases in criminal procedure and ... his unfamiliarity with the rules of criminal procedure and his lack of training in the adversarial system." Crystal's stumbling in handling a motion to perpetuate testimony was, indeed, some indication of his lack of legal experience, despite standby defense counsel's assertion that appellant performed well in handling a deposition in the case.
Because the sole support for the trial court's ruling was appellant's lack of legal experience, we have little choice but to reverse his convictions under this court's recent holding in Kearse v. State, supra. With only insignificant changes in the facts, the following statement of the court's holding in Kearse could apply directly to the instant case:
Because appellant clearly and unequivocally requested that he be allowed to represent himself and did not waive his right to self-representation, the court was required to hold a Faretta hearing to determine whether appellant's waiver of counsel was voluntary and knowing. This the court failed to do. For example, the court never raised any question regarding appellant's age or mental status. Yet the record discloses that appellant was 38 at the time of the trial and needed only six more academic hours to obtain an associate's degree. His argument and motion certainly show him to be a literate person. In our judgment, the trial court abused its discretion by focusing only on appellant's lack of legal experience. As stated in Faretta, a person need not be schooled in the law in order to competently elect to represent himself. As long as a person is mentally competent and sui juris, he has the right of self-representation.
Kearse, 605 So.2d at 538.
In the case at bar, the trial court made no effort to discover appellant's age, education or mental status. It was only by defense counsel's volunteering information that appellant's college experience was made known. As in Kearse, the sole basis for the ruling was appellant's lack of legal experience. This was insufficient.
With regard to the state's suggestion that the trial court's personal observations of appellant's appearance and demeanor constitute a basis for sustaining the ruling, we would note that while there is authority supporting this position, the judge must expressly rely upon such observations when denying the motion to waive counsel. See Cerkella v. State, 588 So.2d 1058 (Fla. 3rd DCA 1991). In the case at hand, the trial court did not ground its ruling on appearance or demeanor.
Accordingly, we reverse appellant's convictions and sentence and remand for a new trial.
BOOTH and SMITH, JJ., concur.
NOTES
[1] Although the brief opinion in Davis does not explain the facts or arguments involved, it is apparent from the authorities cited in the opinion that Davis was erroneously permitted to waive counsel without the necessary inquiry having been made.