PER CURIAM.
Roderick Kimberly Crystal (Crystal) appeals his convictions and concurrent sentences for burglary of an occupied dwelling with assault while armed, attempted third-degree murder with a weapon, and aggravated battery. These crimes occurred on March 8, 1991. Crystal v. State, 616 So.2d 150, 151 (Fla. 1st DCA 1993). The instant case is here on direct review, after retrial based on this court’s earlier remand. See id.
Crystal was sentenced in September 1993 to concurrent prison terms as follows: Count one (burglary of an occupied dwelling with assault while armed) — twenty-two years; count two (attempted third-degree murder with a weapon) — fifteen years; and count three (aggravated battery) — five years. The Florida Supreme Court however recently held: “[W]e recede from the holding in Am-lotte[1] that there is a crime of attempted felony murder in Florida. This decision must be applied to all cases pending on direct review or not yet final.” State v. Gray, 654 So.2d 552, 554 (Fla.1995). Crystal’s conviction for attempted third-degree murder rests on his conviction for the felony of aggravated battery. See Crystal, 616 So.2d at 151. We thus must reverse Crystal’s conviction for attempted felony murder. Gray.
We accordingly reverse and vacate Crystal’s conviction for attempted third-degree murder; and remand for resentencing on the remaining counts, as recomputation of the sentencing guidelines scoresheet may affect the range of sentences permitted for the remaining counts. However, since the initial sentences were based upon an inaccurate scoresheet, we note that the trial judge may consider the imposition of any sentence which otherwise would have been permissible at the initial sentencing hearing. See Roberts v. State, 547 So.2d 129 (Fla.1989).
JOANOS, LAWRENCE and BENTON, JJ. concur.

. Amlotte v. State, 456 So.2d 448 (Fla.1984).