778 So.2d 1054 (2001)
Herbert MOORE, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-1059.
District Court of Appeal of Florida, Fourth District.
February 21, 2001.
Rehearing Denied April 2, 2001.
*1055 Carey Haughwout, Public Defender, and Anthony Calvello, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David M. Schultz, Assistant Attorney General, West Palm Beach, for appellee.
POLEN, J.
Herbert Moore appeals after a jury convicted him of trafficking in cocaine in an amount in excess of 28 grams, and felony fleeing or eluding a police officer. Among other matters, he argues that the court reversibly erred in failing to conduct a Nelson[1] inquiry. We affirm, on the basis of appellant's waiver of this issue.
Six months before trial, Moore filed a pro se motion to discharge his court-appointed attorney, John Bruhn, from representing him at trial. As grounds, he alleged only there was a "conflict of interest and irreconcilable differences" between him and Bruhn. However, he specifically requested the court to "[a]ppoint another attorney to represent the defendant who is both competent and without conflict of interest." The court summarily denied his motion on the ground that he was not constitutionally entitled to "hybrid representation."
Bruhn subsequently represented Moore at trial. The record does not disclose that Moore ever brought up the issue of discharging Bruhn again during the intervening six months, much less at trial. He was before the court one month after his pro se motion was denied, but this time on a motion to reduce bond. At trial, a confidential informant testified that Moore asked him where he could buy cocaine. He testified Moore paid him $1,400 for two ounces of crack, which Moore then put in a cologne box. A detective confirmed that Moore's exchange of money for crack took place.
*1056 Moore was convicted as charged. After sentencing, he filed a motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) in which he argued that the Florida Criminal Code, effective October 1, 1998 and under which he was sentenced, was unconstitutional. The court denied his motion. This appeal followed.
Courts must make certain inquiries "where a defendant, before the commencement of trial, makes it appear ... that he desires to discharge his court-appointed counsel." Nelson, 274 So.2d at 258. "The mere expression of a desire to discharge appointed counsel necessitates an inquiry `as to the reason for the request to discharge.'" Marti v. State, 756 So.2d 224, 228 (Fla. 3d DCA 2000) (citing Nelson, 274 So.2d at 258). Where the initial inquiry shows the reason for the desired discharge is incompetence, further inquiry is required. At this point, the court should
make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute.
Nelson, 274 So.2d at 259. The nature of the inquiry will be determined by the specificity of the defendant's claim as to his lawyer's incompetence. Marti, 756 So.2d at 229 (citing Lowe v. State, 650 So.2d 969 (Fla.1994)).
Overall, in deciding whether a trial court conducted an appropriate Nelson inquiry, appellate courts apply the abuse of discretion standard of review. Kearse v. State, 605 So.2d 534, 536 (Fla. 1st DCA 1992) (citations omitted), rev. denied, 613 So.2d 5 (Fla.1993). Appellate courts will find abuse occurred if the court fails to provide the defendant with the opportunity to explain why he objects to counsel or if the court fails to conduct the above inquiries. Id. (citations omitted). However, a court does not abuse its discretion in refusing to conduct a Nelson inquiry when the defendant fails to make an unequivocal request for the discharge of counsel and for appointment of other counsel. Davis v. State, 703 So.2d 1055 (Fla. 1997). Likewise, there is no abuse of discretion in failing to conduct further inquiry where the defendant merely expresses his general dissatisfaction with counsel, or where he simply complains about a conflict of interest. See Smith v. State, 641 So.2d 1319, 1321 (Fla.1994) (holding inquiry not required where defendant expressed only dissatisfaction with attorney but not his competence); Kearse, 605 So.2d at 536 (holding Nelson inquiry was not required for conflict-of-interest and bias claims made in motion to discharge); Johnson v. State, 560 So.2d 1239, 1240 (Fla. 1st DCA 1990)(holding trial court is not required to conduct a full Nelson inquiry when conflict, not incompetency, is the basis for the motion to discharge).
Although the motion barely raised questions about Bruhn's competence, we believe it would have been the better practice for the trial court to have conducted some inquiry into threshold Nelson matters.[2] Nevertheless, we cannot ignore that *1057 Moore failed to renew his motion to discharge in the intervening six months before trial, and/or at any time before trial had ended. Accordingly, we must deem his objections as waived. See Kinzie v. State, 696 So.2d 530 (Fla. 4th DCA), rev. denied, 705 So.2d 9 (Fla.1997); Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988).
As to the other issues raised in this appeal, we affirm as unpersuasive.
AFFIRMED.
FARMER, JJ., concurs.
WARNER, C.J., concurs specially with opinion.
WARNER, C.J., concurring specially.
In my opinion allegations of conflict of interest and "irreconcilable differences," without more, do not raise issues of competency. Therefore, no Nelson inquiry was necessary.
NOTES
[1] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[2] In denying the motion, the court mistakenly believed that Moore wanted to make his own defense personally but yet have the assistance of counsel. In citing to State v. Tait, 387 So.2d 338 (Fla.1980), and its progeny, the court was correct in holding that a defendant does not have a constitutional right to such hybrid representation. Id. at 339-40 (citations omitted). This issue, however, was not raised in Moore's motion and, therefore, appears to have been irrelevant. We further note the judge who denied Moore's pro se motion to discharge was not the same judge who presided at trial.