FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA

———————————————

No. 1D2022-3242

———————————————

JASON DOWDELL,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

———————————————

On appeal from the Circuit Court for Bay County.
Shonna Young Gay, Judge.


October 15, 2025

PER CURIAM.

A jury found Jason Dowdell guilty of multiple counts arising from his home invasion and terrorization of a mother and her two daughters. He now appeals his judgment and sentence for three counts of sexual battery, one count of battery, three counts of false imprisonment, three counts of tampering with a witness, one count of burglary, one count of child abuse, and three counts of aggravated assault. He raises three grounds in support of reversal: (i) whether the trial court committed reversible error by failing to conduct an adequate *Nelson** hearing; (ii) whether Dowdell's designation as a prison releasee reoffender (PRR) was

———————————

* *Nelson v. State,* 274 So. 2d 256 (Fla. 4th DCA 1973).

unconstitutional because the requisite facts were not found by a jury beyond a reasonable doubt; and (iii) whether the trial court committed reversible error by not holding a competency hearing. Addressing each issue in turn, we affirm.

Dowdell first challenges the adequacy of the trial court's *Nelson* hearing. When a defendant requests that his court-appointed counsel be dismissed for incompetency, the trial court must conduct a *Nelson* inquiry. *Kearse v. State*, 605 So. 2d 534, 536 (Fla. 1st DCA 1992). During this hearing, the trial judge must inquire of both the defendant and his court-appointed counsel about the circumstances of the complaint. *Nelson v. State*, 274 So. 2d 256, 258–59 (Fla. 4th DCA 1973). Of course, the details and number of questions required in a *Nelson* inquiry will vary depending on the circumstances. *Johnson v. State*, 301 So. 3d 443, 447 (Fla. 1st DCA 2020). We review the sufficiency of a trial court's *Nelson* inquiry for an abuse of discretion. *Rutledqe v. State*, 1 So. 3d 1122, 1125 (Fla. 1st DCA 2009) (citing *Kearse v. State*, 605 So. 2d at 536).

Dowdell argues that the trial court failed to adequately ask about counsel's failure to depose a deliveryman who brought a pizza to the house during the incident. A *Nelson* inquiry can only be as specific as the complaints the defendant makes. *Lowe v. State*, 650 So. 2d 969, 975 (Fla. 1994) (citing *Wilder v. State*, 587 So. 2d 543, 544–45 (Fla. 1st DCA 1991)); *see also Logan v. State*, 846 So. 2d 472, 477 (Fla. 2003); *Wilson v. State*, 889 So. 2d 114, 118 (Fla. 4th DCA 2004). During the *Nelson* hearing, Dowdell stated that he wanted his trial counsel to depose the deliveryman, arguing, "[t]he delivery man that delivered the pizza, because all this could be detrimental to my case for him to be able to testify. Well, to my knowledge it didn't seem like anything was wrong, you know, so I need, I need him to be depositioned [sic] because he's a part of the case." In response, defense counsel stated that Dowdell provided no information about the deliveryman, nor did Dowdell indicate that he wanted to call the deliveryman—or anyone else—as a witness. The State also did not list the deliveryman as a witness. Based on this exchange, the trial court allowed ample opportunity for Dowdell to voice his complaint. The trial court inquired into counsel's reasons for not conducting certain depositions and motions. Ultimately, the trial court found there

was no reasonable cause for discharge. We conclude the trial court did not abuse its discretion and affirm.

Next, Dowdell argues his sentence as a PRR was unconstitutional under *Alleyne v. United States*, 570 U.S. 99 (2013) and *Erlinger v. United States*, 602 U.S. 821 (2024), because the requisite facts were not found by a jury beyond a reasonable doubt. But assuming *Erlinger* had any impact upon Dowdell's PRR sentencing under section 775.082(9), Florida Statutes (2022), any error in this case would be harmless.

At sentencing, Dowdell did not contest his qualification as a PRR, he did not challenge the admission of any of the State's evidence to prove the qualifying facts, and he introduced no contrary evidence in dispute of his sentencing under section 775.082(9), Florida Statutes. Because the record here demonstrates "beyond a reasonable doubt" that no rational jury would have found the qualifying facts differently than the trial court at sentencing, any error was harmless. *See McGlaun v. State*, No. 1D2023-2681, 2025 WL 2792141, at *1 (Fla. 1st DCA Oct. 1, 2025) (concluding that, if *Erlinger* applied, any error would be harmless where the defendant failed to contest or dispute the State's evidence establishing his qualification as a habitual felony offender). We thus affirm.

Finally, Dowdell argues that the trial court committed reversible error by failing to hold a competency hearing. We disagree. This Court's decision in *Awolowo v. State*, 389 So. 3d 788 (Fla. 1st DCA 2024), controls. We find no reasonable grounds in the record for the trial court to believe Dowdell was incompetent to proceed, which means Dowdell had no constitutional right to a competency hearing and must show fundamental error. *Id.* at 798; *see also Hicks v. State*, 391 So. 3d 620, 624 (Fla. 1st DCA 2024), *review granted* No. SC2024-1182, 2025 WL 2622056 (Fla. Sept. 11, 2025). Because Dowdell has not shown fundamental error, we affirm.

AFFIRMED.

OSTERHAUS, C.J., and BILBREY and NORDBY, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____


Jessica J. Yeary, Public Defender, and Kevin P. Steiger, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Michael Layton Schaub, Assistant Public Defender, Tallahassee, for Appellee.