STONE, Judge.
We reverse Appellant’s sentence as to all counts and remand for resentencing. It *618 was error to resentence Appellant by increasing the length of the term of his incarceration three days after the initial sentence was imposed solely because Appellant refused to sign a probation form.
Appellant’s first sentence was ten years in prison followed by ten years probation. A Department of Corrections officer, and subsequently the court, required him to sign the form for the purpose of indicating his acceptance and understanding of the conditions imposed on his probation. He refused to sign because he believed he would be unable to comply with the terms involving payment of a fine. He was then resentenced to twenty years incarceration. Nothing in the record indicates that the initial sentence was not intended to be final or that Appellant had misled the court in any way. See generally, Goene v. State, 577 So.2d 1306 (Fla.1991).
A court may not increase a valid sentence after it has been imposed. E.g. Troupe v. Rowe, 283 So.2d 857 (Fla.1973); Tessier v. Moe, 485 So.2d 46 (Fla. 4th DCA 1986); Cherry v. State, 439 So.2d 998 (Fla. 4th DCA 1983). The state has submitted no authority indicating that a defendant must agree to all of the terms of a probation order. We note that chapter 948, Florida Statutes, contains no such provision. See also Morganti v. State, 557 So.2d 593 (Fla. 4th DCA 1990), approved, 573 So.2d 820 (Fla.1991).
We affirm as to the other issues raised. We find no error or abuse of discretion in the trial court’s denial of Appellant’s motion to suppress the contents of a pill bottle found in the course of a consent search of Appellant’s ear. The pill bottle was found inside an open container inside the car. See e.g., Florida v. Jimeno, — U.S. -, 111 S.Ct. 1801, 114 L.Ed.2d 297 (1991); State v. Hester, 618 So.2d 1365 (Fla.1993); U.S. v. Nicholson, 983 F.2d 983 (10th Cir.1993); U.S. v. Springs, 936 F.2d 1330 (D.C.Cir.1991).
Appellant also contends that reversal is mandated because the trial court did not advise Appellant of all of his rights before the court denied his attorney’s motion to withdraw. The motion to withdraw was based on Appellant’s expressed dissatisfaction with counsel. The court did conduct an inquiry with respect to counsel’s conduct and Appellant’s complaints. The extent of the inquiry is not in question except for the court’s failure to advise the Defendant that if his appointed counsel were discharged, the court would not be required to appoint a substitute but that the defendant would have a right to proceed pro se. See Black v. State, 545 So.2d 498 (Fla. 4th DCA 1989); Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973). However, the requirement to give this advice when a defendant seeks to discharge counsel does not mandate per se reversal every time a court may fail to do so upon learning that the defendant has expressed dissatisfaction with counsel, a daily occurrence in many trial courts. Here, there was no question of Appellant’s wish to be represented by court-appointed counsel. We are satisfied from the record that any error in this proceeding was harmless. See Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988); Boudreau v. Carlisle, 549 So.2d 1073 (Fla. 4th DCA 1989), cause dismissed sub nom. Amos v. Carlisle, 557 So.2d 866 (Fla.1990). Concerning the other issue raised, see State v. Rucker, 613 So.2d 460 (Fla.1993).
POLEN, J., and WALDEN, JAMES H., Senior Judge, concur.