ON MOTION FOR CLARIFICATION

PER CURIAM.
We withdraw our opinion filed June 22, 1994, and substitute the following opinion which deletes our incorrect statement that defendant was convicted of burglary of a dwelling. Defendant’s Motion for Clarification is granted.
Defendant, after separate trials, was convicted of possession of a firearm by a convicted felon and grand theft. He filed a pro se motion in both cases seeking dismissal of his court appointed counsel alleging that he was not receiving effective assistance of counsel. We consolidate the two appeals and reverse.
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), this court held that when a defendant requests discharge of his court-appointed counsel the trial judge should make an inquiry of the defendant as to the reason for the request. If incompetency of counsel is a reason, then the court should make an inquiry of the defendant and his appointed counsel to determine whether there is cause to believe that counsel is not rendering effective assistance. If reasonable cause for such belief appears the trial court should make a finding to that effect and appoint substitute counsel. If no reasonable basis appears then the trial judge should so state and advise the defendant that if he discharges his original counsel the state may not thereafter be required to appoint a substitute. Nelson was approved in Hardwick v. State, 521 So.2d 1071 (Fla.1988).
Here defendant requested discharge of his court-appointed counsel in both cases. The trial court did not conduct a Nelson hearing in either ease, but stated on the record he was only ruling on the motion in one of the eases, because the motion in the other case was not before him at that time. It is clear from the record that defendant was attempting to discharge his counsel in both cases and did everything he could, pro se, to have both motions determined. We therefore treat the order as denying the motions in both cases and since the court did not conduct a Nelson hearing, we reverse the convictions.
The conviction in case number 93-1513 must also be reversed because of a discovery violation. The state had indicated in its answer to notice of discovery that there were no written, recorded or oral statements of defendant; however, at trial the arresting officer testified on cross-examination to a remark made by defendant at the time of the arrest which was incriminating. The state should have made this information known to defendant prior to trial. When it came up at trial the court was required to conduct a hearing and determine whether the discovery violation resulted in harm or prejudice to the defendant. State v. Richardson, 246 So.2d 771 (Fla.1971). Although the state argues that what in fact occurred was the equivalent of a Richardson hearing, we do not agree.
*203 We therefore reverse and remand both cases for a new trial.
ANSTEAD, KLEIN and STEVENSON, JJ., concur.