642 So.2d 142 (1994)
Bernard GRAVES, Appellant,
v.
STATE of Florida, Appellee.
No. 93-0365.
District Court of Appeal of Florida, Fourth District.
September 14, 1994.
Richard L. Jorandby, Public Defender, and Allen J. DeWeese, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Carol Cobourn Asbury, Asst. Atty. Gen., West Palm Beach, for appellee.
FARMER, Judge.
Once again a convicted defendant argues that a trial judge failed to conduct a hearing on his application to discharge his public *143 defender and thus seeks to set aside his conviction. As this circumstance seems to reoccur with some frequency, we have decided to restate and with some emphasis the obligations of all concerned when confronted by a plea to discharge counsel.
Defendant was charged with two counts of possession of controlled substances in a state correctional institution. A few weeks before trial defendant filed a pro se motion to dismiss the charges against him alleging various constitutional deficiencies. He accompanied that with a separate motion to discharge his public defender [PD], alleging that his current PD was noncommunicative, had not devoted sufficient time to the preparation of his case, and had yet to depose any witnesses. He requested that new counsel be appointed. He followed up that motion with a letter shortly after to the trial judge.
On the day when trial began, the judge dismissed the pro se motion to dismiss, saying: "[t]hat motion will be denied based on the case law; since he does have a lawyer to file his motions for him a pro se motion is not appropriate." The case then proceeded through jury selection, presentation of evidence and a verdict of guilty.
At sentencing, defendant asked to address the court and explain why he deserved a new trial. He argued that he had presented valid grounds in his pretrial motion to discharge counsel and added that he had had only one interview with his PD, "and that interview came only 16 hours before the jury trial." The trial judge denied the motion, as he had done at the start of trial, on the grounds that a represented defendant is not permitted to file his own motions. We reverse and remand for a new trial.[1]
In Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973), we described the issue thus:
"This appeal raises what seems to be a recurring issue  [viz. what is] the procedure which the trial court should follow for the purpose of protecting an indigent's Sixth Amendment right to counsel in a criminal prosecution where before the commencement of the trial the Defendant moves to discharge appointed counsel."
274 So.2d at 258. We explained our holding as follows:
"where a defendant, before the commencement of trial, makes it appear to the trial judge that he desires to discharge his court appointed counsel, the trial judge, in order to protect the indigent's right to effective counsel, should make an inquiry of the defendant as to the reason for the request to discharge. If incompetency of counsel is assigned by the defendant as the reason, the trial judge should make a sufficient inquiry of the defendant and his appointed counsel to determine whether or not there is reasonable cause to believe that the court appointed counsel is not rendering effective assistance to the defendant. If reasonable cause for such belief appears, the court should make a finding to that effect on the record and appoint a substitute attorney who should be allowed adequate time to prepare the defense. If no reasonable basis appears for a finding of ineffective representation, the trial court should so state on the record and advise the defendant that if he discharges his original counsel the State may not thereafter be required to appoint a substitute. [c.o.] If the defendant continues to demand a dismissal of his court appointed counsel, the trial judge may in his discretion discharge counsel and require the defendant to proceed to trial without representation by court appointed counsel. See Cappetta v. State, Fla.App. 1967, 204 So.2d 913 for principles that should guide the court in the exercise of such discretion." [e.s.]
274 So.2d at 258-259. That procedure has remained undisturbed by any later appellate decision since it was established.
In this case, defendant made an application in writing to the trial judge before the start of trial that he was being denied the effective assistance of counsel. His writing set forth clear statements that, if true, might tend to establish that counsel's services were below the level required. The trial judge *144 refused to hold a Nelson inquiry merely because, the judge said, defendants represented by an attorney are not allowed to file any papers on their own. We hold that the judge's decision is inadequate under the facts of this case to insure the effective assistance required by the constitution.
In the first place, if the claim is that the appointed lawyer is not doing the lawyer's assigned job, one might wonder how that failure would ever come to light and be appropriately remedied if the person who is suffering from this inadequacy is not permitted to do so. Simply ignoring a pretrial assertion of ineffectiveness of counsel means that the claim is left to be taken up in post conviction relief proceedings. See, e.g., Johnson v. State, 501 So.2d 94 (Fla. 1st DCA 1987). The supposed rule that all pro se filings by represented defendants are a nullity thus makes no sense, at least in the circumstance of ineffective assistance of counsel, and may lead to a manifest injustice. It will almost surely result in a frequent squandering of public resources on wasted trials that have to be repeated.
In any event, the supposed nullity rule is contrary to Nelson. That decision makes no exception for pro se charges of ineffectiveness. Indeed it appears to have contemplated that it would be the defendant himself who would "make it appear." Nothing in Nelson requires that such charges be raised only by appointed counsel or they will be treated as a nullity. Nor is there anything inherent in the Sixth Amendment basis for Nelson that requires a trial court to treat as nonexistent all papers filed pro se by a represented defendant in the pretrial phase.
Aside from the obvious problem with limiting nonperforming lawyer claims to being filed by only the allegedly nonperforming lawyers, there is simply no good reason to adopt such a rule. There is absolutely no reason to believe that the machinery of justice will become fouled by the filing of ineffective assistance of counsel claims by represented defendants. Those that present no basis for any action by the court can be safely rejected. The court has ample powers to treat any abuses of filing by overly litigious defendants.
The role of the prosecutor deserves mention here. During the court's pretrial colloquy with defendant and counsel on the motion, the state stood silently by. We think that the interest of the state in avoiding repeat criminal trials for the kinds of reasons involved here strongly suggests that the prosecutor should not stand mute in such matters. Instead the state's attorney should speak up and join in the request for a Nelson inquiry to help the trial judge avoid an obvious reversible error. It does not serve the system well for the prosecutor to stand silently in the background when it begins to appear that the trial judge is about to bypass holding a necessary inquiry, the lack of which may result in a reversal. This is especially true on pretrial matters of alleged ineffectiveness of trial counsel, where the state has no real concern about which particular lawyer represents the defendant, and the needed inquiry may take but a few minutes anyway. A timely comment from the state's attorney here might have resulted in the required inquiry.
We reject the state's assertion that we should find this failure to hold a Nelson inquiry harmless error. Yes, it does appear that the evidence against defendant was, in the state's word, "overwhelming". But trial counsel himself sought a last minute continuance on the grounds that his conference with the defendant on the night before trial began disclosed the existence of a witness to the event, an employee of the state correctional institution, and that counsel needed the additional time to interview the witness and prepare for trial.
We thus cannot say beyond a reasonable doubt that the immensity of the trial evidence of guilt was not the result of the very thing about which defendant complained in his pretrial motion to discharge counsel. In this sense, we simply disagree with any suggestion in Parker v. State, 570 So.2d 1053 (Fla. 1st DCA 1990), rev. denied, 581 So.2d 1309 (Fla. 1991), and Kott v. State, 518 So.2d 957 (Fla. 1st DCA 1988), that a one-sided presentation of evidence of guilt by the state will save the failure to inquire if counsel was deficient in pretrial preparations.
*145 REVERSED AND REMANDED FOR A NEW TRIAL.
GLICKSTEIN and GUNTHER, JJ., concur.
NOTES
[1] We reject defendant's contention that the multiple voir dire procedure used in the selection of the jury to try his case, along with juries for other cases at the same time, violated any substantial right. See Rock v. State, 638 So.2d 933 (Fla. 1994).