FARMER', Judge.
We face in this case a conviction obtained after a defendant was allowed to proceed as his own counsel, with the stand-by assistance of an assistant public defender. On appeal, he argues through the public defender that the trial court should have conducted an inquiry into certain matters before it permitted the defendant to have himself for the client. We agree.
Defendant was charged with sale and possession of cocaine and was represented by the Public Defender’s office in the Nineteenth Judicial Circuit. Defendant apparently came to feel that the original assistant public defender assigned to his case was not acting in his best interests because, he believed, she did not want to proceed to trial. The court substituted a different lawyer from the same office [APD], and defendant consented to the substitution.
A calendar call was held on November 4th at which both sides said that they were ready for trial, and the court set trial to begin on November 16th. At the calendar call, however, the APD engaged in the following with the trial judge:
APD: Judge, while Mr. Haslom’s here he just informed that he’s going to try to *60 re — go pro se. Kick me off the case as well. I don’t know if you want to hear his arguments now since the prosecutor is here.
BAILIFF: He’s back downstairs.
APD: Oh, you already took him down. Okay.
COURT: Pro se?
APD: He says he doesn’t want any Public Defender. He wants to represent himself, so I’ll put that in a written motion then.
COURT: Yeah, he needs to send that in. Do you want to — yeah, you’re still representing him * * *.
APD: So I’ll prepare a written motion then.
COURT: That he wants to proceed pro se.
APD: Yes sir.
Two days later the APD filed a formal motion to withdraw, saying that communications between defendant and counsel had broken down, that defendant “is accusing” counsel of inadequate representation and that defendant wants to “represent himself pro se.”
On November 16th, the court heard the motion. When asked to explain why he wanted to represent himself, and after being cautioned that trial would likely start on the next morning, defendant replied: “I’m ready for trial. I’ve just been sitting in jail going on 6 months.” To this the court responded: “Well, you are going to be number one in the morning.” The court then proceeded to suggest to defendant that the APD be made his co-counsel and “you can call the shots if you wish and you can always ask for some advice from [the APD] if you wish it.” No attempt was made by the trial judge to conduct the kind of inquiry required by Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), and Florida Rule of Criminal Procedure 3.111(d) [Faretta inquiry].
The case proceeded to trial with defendant acting as his own lawyer, consulting from time to time with the APD who handled some matters for him. Ultimately, the jury convicted him. The court sentenced him as a habitual felony offender to 30 years for the sale and 10 years for possession, the sentences to run concurrently. This appeal followed.
Defendant argues that the trial court committed reversible error because it failed to conduct a Faretta inquiry. In particular, he argues that the record does not indicate that he was advised of the dangers of self-representation, and that the trial court failed to inquire about his age, experience, or education. Moreover, there is no showing that defendant was cautioned about possible sentences, especially in light of his prior felony record qualifying him for a habitual felony offender sentence.
We agree with defendant that the failure to make a Faretta inquiry requires a reversal. State v. Young, 626 So.2d 655 (Fla. 1993); Amos v. State, 618 So.2d 157 (Fla. 1993); Hardwick v. State, 521 So.2d 1071 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988); Jones v. State, 449 So.2d 253 (Fla.), cert. denied, 469 U.S. 893, 105 S.Ct. 269, 83 L.Ed.2d 205 (1984). Moreover harmless error is inapplicable to Faretta failures. Young, 626 So.2d at 657 (harmless error rule not applicable to trial court’s failure to conduct Faretta inquiry); Jones v. State, 584 So.2d 120 (Fla. 4th DCA 1991).
The state argues that there was no need to conduct a Faretta inquiry because defendant’s request to represent himself was not unequivocal and that, in any ease, the APD acted as co-counsel and thus defendant did not proceed to trial without the assistance of counsel. As to the first argument, the record indicates to our satisfaction that defendant unequivocally told the court that he wished to represent himself. (“COURT: Your motion was you wanted to try to represent yourself.” DEFENDANT: ‘Tes, sir.”). See Gibbs v. State, 623 So.2d 551 (Fla. 4th DCA), review denied, 630 So.2d 1099 (Fla. 1993); see also Parker v. State, 423 So.2d 553 (Fla. 1st DCA 1982). Moreover, the APD’s motion was to withdraw, stating that defendant wanted to discharge counsel. The short answer to the latter contention is found in Raulerson v. State, 437 So.2d 1105 (Fla.1983) (appointment of stand-by counsel does not convert self-representation into representation by counsel).
In .Hardwick, the supreme court wrote:
*61 “We recognize that, when one such as appellant attempts to dismiss his court-appointed counsel, it is presumed that he is exercising his right to self-representation. However, it nevertheless is incumbent upon the court to determine whether the accused is knowingly and intelligently waiving his right to court-appointed counsel, and the court commits reversible error if it fails to do so. This particularly is true where, as here, the accused indicates that his actual desire is to obtain different court-appointed counsel, which is not his constitutional right.” [c.o.]
521 So.2d at 1074. Here, defendant’s indication that he wished to represent himself required the court to make proper inquiry.[1]
The state contends that he really did not want to get rid of his court-appointed lawyer, so much as he wanted to ride shotgun with him. If that were true, a Faretta inquiry might have unearthed the hidden intent. Because of the lack of it, we have no way of really knowing for certain whether he merely wanted to be in the thick of the fight himself or whether, as appears to us, he wanted to lead the charge. And while he certainly never objected to the co-counsel format,[2] it would take a nonlawyer with ironclad bowels to cast away even that assistance from the institutional defender. In the end, and conceding that he is not constitutionally entitled to act as co-counsel, see State v. Tait, 387 So.2d 338 (Fla.1980), any more than he has a right to obtain different counsel, Hardwick, we simply hold he does have a right to a Faretta inquiry to insure that his foray into self representation meets the constitutional requirements.
REVERSED AND REMANDED FOR A NEW TRIAL.
GLICKSTEIN, J., and HARRY LEE ANSTEAD, Associate Judge, concur.

. The state has not attempted to argue that the court did attempt a proper Faretta inquiry.

. At one point during the trial, defendant expressly asked the APD to argue a motion for him.