645 So.2d 1098 (1994)
Thomas WEEMS, Appellant,
v.
STATE of Florida, Appellee.
No. 92-3141.
District Court of Appeal of Florida, Fourth District.
November 30, 1994.
*1099 Richard L. Jorandby, Public Defender, and Anthony Calvello, Asst. Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Sarah B. Mayer, Asst. Atty. Gen., West Palm Beach, for appellee.

ON MOTION FOR REHEARING
STONE, Judge.
Appellant's motion for rehearing is denied. However, we withdraw our opinion of September 9, 1994, and substitute the following opinion.
Appellant's conviction and sentence are affirmed. We find no error or abuse of discretion as to any issue raised, including the trial court's denial of appointed counsel's motion to withdraw, the extent of the inquiry into Appellant's request to discharge counsel, or the court's failure to advise Appellant that upon discharge of his attorney the court would not be required to appoint substitute counsel.
The conflict between client and counsel involved Appellant's complaints about how the attorney was handling the case and the lawyer's concerns about Appellant's, attitude, communication difficulties and lack of cooperation. The record is replete with evidence demonstrating the client's mental and emotional instability, including expert testimony as to his competency to stand trial. The record reflects a reasonable inquiry by the trial court. The decision denying the motions should not be disturbed absent a clear abuse of discretion. E.g., Sanborn v. State, 474 So.2d 309 (Fla. 3d DCA 1985). A generalized loss of confidence or lack of cooperation alone is insufficient to mandate withdrawal by counsel. See Johnston v. State, 497 So.2d 863 (Fla. 1986). Here, it is highly unlikely that a substitute public defender would have fared any better, as counsel candidly acknowledged to the court.
Further, as the court did not discharge counsel, it was not per se reversible error to fail to advise Appellant that if his lawyer were discharged the court was not required to appoint a new attorney. See generally Hardwick v. State, 521 So.2d 1071 (Fla. 1988), cert. denied, 488 U.S. 871, 109 S.Ct. 185, 102 L.Ed.2d 154 (1988). See also Causey v. State, 623 So.2d 617 (Fla. 4th DCA 1993), rev. denied, 634 So.2d 623 (Fla. 1994). Such a warning is required where counsel is discharged. Nelson v. State, 274 So.2d 256, 259 (Fla. 4th DCA 1973), approved in Hardwick v. State, 521 So.2d at 1074-75. However, we can discern no reason to reverse upon the failure to give such a warning when the court denies the discharge motion and the failure to so advise Appellant is patently harmless. We note that in this case, Appellant was not seeking to represent himself; therefore, Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975), is inapposite.
We have considered, and do not believe this opinion is in conflict with, our decisions in Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994); Dunn v. State, 640 So.2d 201 (Fla. 4th DCA 1994); and Lewis v. State, 623 So.2d 1205 (Fla. 4th DCA 1993). In Graves, the issue was failure to conduct an otherwise required Nelson inquiry because the defendant's motions were made pro se while represented by counsel. In Dunn, there was no inquiry at all. In Lewis, as here, there was an inquiry but the state did not contend that any error in failing to completely advise the defendant was harmless error.[1] Further, this opinion is consistent with Causey, where the court did fully inquire into a motion to withdraw but stopped short of advising Appellant that if appointed counsel were discharged, the court would not be required to appoint substitute counsel. In Causey, we said:
[t]he requirement to give this advice when a defendant seeks to discharge counsel does not mandate per se reversal every time a court may fail to do so upon learning that the defendant has expressed dissatisfaction with counsel, a daily occurrence in many trial courts. Here there was no question of Appellant's wish to be represented by court-appointed counsel.
*1100 623 So.2d at 618. In Causey, we also found any error was harmless.
There is record support for the court's conclusion, albeit on conflicting evidence, that Appellant was competent to stand trial. Carter v. State, 576 So.2d 1291 (Fla. 1989), cert. denied, 502 U.S. 879, 112 S.Ct. 225, 116 L.Ed.2d 182 (1991). Further, we find no abuse of discretion in the court's failing to conduct an additional competency hearing at trial, three months after the initial competency finding, as nothing in the record suggests a demonstrable change in Appellant's condition during the 90-day interim. See White v. State, 548 So.2d 765 (Fla. 1st DCA 1989), rev. denied, 562 So.2d 348 (Fla. 1990).
Concerning the sentencing issues raised, we affirm on the authority of State v. Rucker, 613 So.2d 460 (Fla. 1993). Additionally, it was Appellant's responsibility to bring to the court's attention evidence, if any, that a prior conviction used in imposing habitual offender status was set aside or the subject of a pardon.
As to all other issues raised, we also find no error, or that any error was harmless. State v. DiGuilio, 491 So.2d 1129 (Fla. 1986).
GLICKSTEIN and KLEIN, JJ., concur.
NOTES
[1] We do not address here the question of whether the court can consider a harmless error analysis when not raised by the state.