766 So.2d 288 (2000)
Frazier LEWIS, Appellant,
v.
STATE of Florida, Appellee.
No. 4D99-1198.
District Court of Appeal of Florida, Fourth District.
February 16, 2000.
*289 Richard L. Jorandby, Public Defender, and Karen E. Ehrlich, Assistant Public Defender, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
STEVENSON, J.
Frazier Lewis appeals his convictions for resisting arrest with violence, resisting an officer without violence, and possession of cocaine, arguing that the trial court erred in striking his pro se motion to discharge his court-appointed lawyer and in failing to conduct a Faretta[1] inquiry. We find merit in Lewis' claim and reverse.
A public defender was appointed to represent Lewis at trial. Thereafter, Lewis filed a pro se motion to discharge his court-appointed lawyer, alleging ineffective assistance of counsel and asserting the right to self representation. The trial court struck Lewis' motion, finding that he was "not entitled to hybrid representation," citing State v. Tait, 387 So.2d 338 (Fla.1980), Salser v. State, 582 So.2d 12 (Fla. 5th DCA 1991), and Sheppard v. State, 391 So.2d 346 (Fla. 5th DCA 1980).
A criminal defendant has no Sixth Amendment right to represent himself and, at the same time, to have the assistance of counsel. See Tait, 387 So.2d at 339-40. Thus, it is true that, generally, pleadings filed by a criminal defendant who is represented by counsel are treated as a nullity. See, e.g., Burke v. State, 732 So.2d 1194, 1195 (Fla. 4th DCA 1999). The courts have carved out an exception, however, permitting a criminal defendant who is represented by counsel to file a pro se motion seeking discharge of that counsel. For instance, in Graves v. State, 642 So.2d 142 (Fla. 4th DCA 1994), this court held that the general prohibition made no sense in the context of a motion to discharge, which alleged ineffective assistance of counsel.
In the first place, if the claim is that the appointed lawyer is not doing the lawyer's assigned job, one might wonder how that failure would ever come to light and be appropriately remedied if the person who is suffering from this inadequacy is not permitted to do so. Simply ignoring a pretrial assertion of *290 ineffectiveness of counsel means that the claim is left to be taken up in post conviction relief proceedings. The supposed rule that all pro se filings by represented defendants are a nullity thus makes no sense, at least in the circumstance of ineffective assistance of counsel, and may lead to a manifest injustice. It will almost surely result in a frequent squandering of public resources on wasted trials that have to be repeated.
Id. at 144 (citation omitted)(emphasis in original); see also Burke, 732 So.2d at 1196 n. 1.
Graves involved a defendant's request to discharge his court-appointed counsel and to obtain new, court-appointed counsel and the trial court's failure to conduct a Nelson[2] inquiry. Here, Lewis was not seeking the appointment of additional counsel, but rather to discharge his court-appointed counsel and to represent himself. Nonetheless, we believe that the rationale and holding of Graves are applicable here and hold that the trial court erred in striking Lewis' pro se motion.
And, finally, despite the State's argument to the contrary, we find that Lewis' request for self representation was sufficiently unequivocal[3] as to require the trial court to conduct a Faretta inquiry to examine Lewis' ability to represent himself. See, e.g., Kearse v. State, 605 So.2d 534, 537 (Fla. 1st DCA 1992)("The request to proceed pro se must be clear and unequivocal."), review denied, 613 So.2d 5 (Fla.1993). Since the trial court did not, Lewis' convictions must be reversed. See, e.g., Wilson v. State, 724 So.2d 144, 146 (Fla. 1st DCA 1998)(holding that failure to conduct a Faretta inquiry is not subject to a harmless error analysis and citing State v. Young, 626 So.2d 655, 657 (Fla.1993)); Haslom v. State, 643 So.2d 59, 60 (Fla. 4th DCA 1994).
REVERSED and REMANDED.
SHAHOOD and GROSS, JJ., concur.
NOTES
[1] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).
[2] Nelson v. State, 274 So.2d 256 (Fla. 4th DCA 1973).
[3] While Lewis' motion was at times rambling, he said that he wanted "appointed counsel removed from his case" and requested "waiver of counsel" and the "right to be heard in person."