BENTON, C.J.
 

 Charged with robbery while armed with a firearm, Leroy Jones entered a guilty plea then, before sentencing, sought to withdraw the plea. He contends on appeal that the trial court erred in denying his motion to withdraw plea, a motion he drafted pro se at the trial court’s request. Because the trial court did not appoint conflict-free counsel to assist him, we reverse his conviction and seventeen-year sentence, and remand for further proceedings.
 

 Sixteen years old at the time, Mr. Jones entered a guilty plea “straight up” before Judge Bryan on August 20, 2009, with appointed defense counsel, Mr. Hendrick, but no guardian or parent present. At a subsequent hearing before Judge Fina, Mr. Hendrick informed the trial court that his client wanted to withdraw his guilty plea and stand trial, saying:
 

 ... I believe that for there to be any valid consideration that the grounds would have to include some type of either error or misconduct on my part. Then obviously I can’t go forth and propound a motion to withdraw plea. I believe that this is ... very similar to a case ... where the First DCA pretty much said that in a situation of a motion to withdraw plea when there’s potential grounds that would — where the attorney did not feel that he could argue the grounds that the client[ is] purporting in that situation, that the Court should have appointed independent counsel.
 

 I’m, I am here to tell the Court, I know that the Court may feel that this is putting the cart before the horse, but that’s why I indicated that Mr. Jones is 16 years old and would not know how to put together his own motion to withdraw plea. If he was, if he was an actual adult and had some education and would know what grounds to put in a motion to withdraw plea, based on discussions I had with him, it is counsel[’]s position, as an officer of the Court, that we are, would be in an adverse position. And so I am asking the Court to appoint independent counsel to explore whether or not there is a valid motion to withdraw the plea.... I think the current case law stands for the fact that there at least needs to be an opportunity for Mr. Jones ... to consult with independent counsel to determine grounds for such a motion.
 

 But the trial court directed Mr. Jones to prepare a written statement or motion to withdraw his plea on his own, specifying grounds.
 
 [1]
 
 Mr. Jones told the court that
 
 *120
 
 his motion to withdraw plea did not spring from any deficiency in Mr. Hendrick’s representation, but Mr. Hendrick did not assist him in drafting the motion; and the trial court did not appoint other counsel to assist.
 
 [2]
 

 A motion to withdraw a plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(f) prior to sentencing, is a critical stage of the proceedings at which a defendant is entitled to representation by counsel.
 
 See Roberts v. State,
 
 670 So.2d 1042, 1045 (Fla. 4th DCA 1996).
 
 See generally Krautheim v. State,
 
 38 So.3d 802, 804-05 (Fla. 2d DCA 2010) (“A motion to withdraw plea is a critical stage of the proceedings at which a defendant is entitled to be present and to have counsel represent him ... and to assist him with respect to his motion to withdraw plea.” (citations omitted));
 
 Grainger v. State,
 
 906 So.2d 380, 382 (Fla. 2d DCA 2005),
 
 declined to follow on other grounds, Sheppard v. State,
 
 17 So.3d 275 (Fla.2009) (“Consideration of a motion to withdraw plea after sentencing, which is filed pursuant to Florida Rule of Criminal Procedure 3.170(Z), is a critical stage in the proceeding, and an indigent criminal defendant has a right to the appointment of conflict-free counsel to assist in the filing of the motion.”).
 

 At a hearing on the motion to withdraw the plea before Judge Bryan, Mr. Hendrick disavowed his client’s handwritten, pro se motion, telling the court:
 

 One was that I don’t believe that that set forth legal grounds to withdraw a plea, and two is, I don’t believe that he set forth grounds that would put his attorney at odds with him, as far as the need to appoint additional counsel.... [I]f you wish to place him under oath and he has additional grounds than what he put in writing, then certainly the Court can make inquiry of him, but I believed, based on conversation I’ve had this week, expected his family members to come forth today and potentially add additional information, and I do not see them, nor do I know why they are not present. Certainly I think the posture we’re in procedurally is that the Court is able to entertain such a motion up until the time he is sentenced and he is not going to be sentenced until there were further things that happened in his cases.
 

 [[Image here]]
 

 [M]y position from the beginning was, I don’t believe that the reasons Mr. Jones gave in writing, or anything else that he has discussed with me, give rise to a valid motion to withdraw plea and that is why I did not personally adopt it nor file any further motions. And, certainly, if he or his family came before the Court and indicated that there was something in my performance that would give rise to further inquiry, then that would be the point in which I think the case law would compel the Court to appoint conflict free counsel.... [I]f you read his thing, read the document that he provided, he clearly states that he is happy with the services of his attorney and that his attorney — that it has nothing to do with his attorney, it basically
 
 *121
 
 has to do with that he regrets the decision he made to enter a plea. And that, certainly — and that’s why I’m indicating to you that under my understanding of the rule, the case law that interpreted the rule, that is not a — that basically, in my opinion, falls in the category of buyer’s remorse, and that is not a legitimate reason to withdraw a plea.
 

 Having heard Mr. Hendrick’s argument that Mr. Jones’s pro se motion lacked merit, the trial court denied the motion.
 

 Once Mr. Hendrick told the trial court that he did not believe Mr. Jones had (left to his own devices, without the assistance of counsel) stated a legally sufficient basis for withdrawing his plea, the relationship between Mr. Jones and Mr. Hendrick had plainly become adversarial. Even if unpersuaded that the reasons alleged as a basis for withdrawal rose to the level of good cause, requiring the court to allow withdrawal, it is not apparent why Mr. Hendrick chose not to argue that the trial court should exercise its discretion to permit his minor client to withdraw his open plea, as contemplated by the rule.
 
 See
 
 Fla. R.Crim. P. 3.170(f) (“The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn.”).
 
 [3]
 

 “If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen ... the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.”
 
 Sheppard,
 
 17 So.3d at 287. When it becomes apparent that the defendant and his counsel are on opposite sides on the question of whether a plea should be withdrawn, the defendant is entitled to conflict-free counsel.
 
 See Rios v. State,
 
 958 So.2d 1080, 1081 (Fla. 1st DCA 2007) (“Once it became clear counsel’s position was adverse to [ajppellant’s and he was refusing to file a motion to withdraw the appellant’s plea, the court should have appointed conflict-free counsel to represent the appellant.”);
 
 Garcia v. State,
 
 846 So.2d 660, 661 (Fla. 2d DCA 2003) (holding appellant was entitled to conflict-free counsel where counsel’s position was adverse to appellant’s).
 

 Denial of counsel is encompassed within the class of constitutional errors called “structural defects,” which affect “the framework within which the trial proceeds.”
 
 Arizona v. Fulminante,
 
 499 U.S. 279, 309-10, 111 S.Ct. 1246, 113 L.Ed.2d 302 (1991). The difficulties identified in assessing the effect of erroneous deprivation of the right to counsel of choice apply with equal force to deprivations of conflict-free counsel at other critical stages of criminal proceedings:
 

 Different attorneys will pursue different strategies with regard to investigation and discovery, development of the theory of defense, selection of the jury, presentation of the witnesses, and style of witness examination and jury argument. And the choice of attorney will affect whether and on what terms the defendant cooperates with the prosecution, plea bargains, or decides instead to go to
 
 *122
 
 trial. In light of these myriad aspects of representation, the erroneous denial of counsel bears directly on the “framework within which the trial proceeds,”
 
 Fulminante, supra,
 
 at 310, 111 S.Ct. 1246-or indeed on whether it proceeds at all. It is impossible to know what different choices the rejected counsel would have made, and then to quantify the impact of those different choices on the outcome of the proceedings. Many counseled decisions, including those involving plea bargains and cooperation with the government, do not even concern the conduct of the trial at all.
 

 United States v. Gonzalez-Lopez,
 
 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (citation omitted).
 
 See also Hampton v. State,
 
 848 So.2d 405, 405 (Fla. 2d DCA 2003) (“A motion to withdraw plea is a critical stage of a criminal proceeding at which an indigent defendant is entitled to court-appointed counsel.” (citing
 
 Padgett v. State,
 
 743 So.2d 70 (Fla. 4th DCA 1999)).
 

 “[Assistance of counsel is among those ‘constitutional rights so basic to a fair trial that their infraction can never be treated as harmless error.’ ”
 
 Lee v. State,
 
 690 So.2d 664, 668 (Fla. 1st DCA 1997) (quoting
 
 Chapman v. California,
 
 386 U.S. 18, 23 & n. 8, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967)).
 
 See also Glasser v. United States,
 
 315 U.S. 60, 76, 62 S.Ct. 457, 86 L.Ed. 680 (1942) (“The right to have the assistance of counsel is too fundamental and absolute to allow courts to indulge in nice calculations as to the amount of prejudice arising from its denial.”).
 

 Mr. Jones was essentially unrepresented by counsel during the preparation of the motion to withdraw his plea,
 
 [4]
 
 at the “review hearing,” and at the hearing on the motion to withdraw. Instead of representing his client, Mr. Hendrick refused to prepare or adopt a motion on Mr. Jones’s behalf and repeatedly argued against his client’s position.
 
 [5]
 

 See Grainger,
 
 906 So.2d at 382 (noting that counsel failed to act in
 
 *123
 
 a representative capacity on behalf of his client and in effect became an adverse witness against his client when he refused to adopt his client’s pro se motion to withdraw his plea (filed after sentencing) and made remarks to the court about appellant’s experiencing “buyer’s remorse”).
 

 Allowing a criminal defendant to proceed unrepresented in the absence of a waiver of counsel is fundamental error, not unlike letting proceedings go forward in a trial court that lacks subject matter jurisdiction.
 
 See generally Polk Cnty. v. Sofka,
 
 702 So.2d 1243, 1245 (Fla.1997);
 
 Waggy v. State,
 
 985 So.2d 571, 573 (Fla. 1st DCA 2006) (“The issue of subject matter jurisdiction is one of fundamental error that may be raised for the first time on appeal. Moreover, the entry of a plea does not foreclose a later claim premised on the trial court’s lack of subject matter jurisdiction.” (citation omitted)).
 
 See also Johnson v. Zerbst,
 
 304 U.S. 458, 463, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938) (“The Sixth Amendment withholds from federal courts, in all criminal proceedings, the power and authority to deprive an accused of his life or liberty unless he has or waives the assistance of counsel.” (footnote omitted));
 
 State v. D.C.,
 
 29 So.3d 1167, 1168 n. 2 (Fla. 4th DCA 2010) (“[A]n appellate court may address
 
 sua sponte
 
 an error which is apparent on the face of the record.”).
 

 Conflict-free counsel should have been appointed.
 
 See Gunn v. State,
 
 841 So.2d 629, 631 (Fla. 2d DCA 2003) (holding that the trial court should have provided the appellant conflict-free counsel to represent him on his motion to withdraw plea because defense counsel took an adversarial position by refuting his claim that defense counsel denied him the right to see a videotaped deposition of the alleged victim). Without a lawyer to advise and advocate for him, during both the preparation and the presentation of his pro se rule 3.170 motion, Mr. Jones was required to proceed unrepresented by any counsel, conflict-free or otherwise.
 

 Accordingly, we reverse the conviction and sentence, and remand with directions to vacate the order denying the motion to withdraw plea and to appoint conflict-free counsel to represent Mr. Jones.
 

 CLARK and MARSTILLER, JJ„ concur.
 

 [1]
 

 . That the trial court ordered Mr. Jones to draft a motion pro se distinguishes the present case from
 
 Sheppard v. State,
 
 17 So.3d 275, 276 (Fla.2009), where the defendant, although represented by counsel, drafted a motion on his own initiative. Even in
 
 Sheppard,
 
 moreover, our supreme court ruled that the trial court had not erred in failing to strike the pro se motion as a nullity, quoting with approval the proposition that nothing in the Sixth Amendment " 'requires a trial court to treat as nonexistent all papers filed pro se by a
 
 *120
 
 represented defendant in the pretrial phase.' "
 
 Id.
 
 at 280 (emphasis omitted) (quoting
 
 Graves v. State,
 
 642 So.2d 142, 144 (Fla. 4th DCA 1994)).
 

 [2]
 

 . At a subsequent "review hearing,” Mr. Hen-drick stated that he would leave it to the court to determine whether conflict-free counsel was necessary. The trial court ruled the pro se motion would be considered on the merits, but did not appoint independent counsel, concluding that the allegations in the motion did not allege that Mr. Hendrick's position was adverse to Mr. Jones’s position.
 

 [3]
 

 .
 
 See also Yesnes v. State,
 
 440 So.2d 628, 634 (Fla. 1st DCA 1983) (noting rule 3.170(f) permits withdrawal of a plea in the discretion of the court upon a lesser showing than good cause, the "rule should be liberally construed in favor of the defendant [because] [t]he law inclines toward a trial on the merits,” and the trial court "could well have permitted defendant to withdraw his plea” where the state offered no evidence to dispute his testimony that he "was in a state of mental weakness at the time he ... announced his plea to the court” and “it did not appear that the state would have been prejudiced upon trial of the case by permitting withdrawal of the plea just eighteen days after it was entered” (citation omitted)).
 

 [4]
 

 . The transcript reflects the following:
 

 THE COURT: No? Well, here’s what I think we need to do under all circumstances. Is your parent here with you?
 

 DEFENDANT: No.
 

 THE COURT: Do you have a parent?
 

 DEFENDANT: My parents are in Orlando.
 

 THE COURT: In Orlando. Do you have any sort of guardian or anyone here?
 

 DEFENDANT: No.
 

 THE COURT: What I'm going to ask you to do is if you still wish to withdraw your plea that you do that in writing, okay? And I’ll consider it. You can do it right now if you want to. Get some paper and you write down in a writing, tell me why it is that you want to withdraw your plea, okay?
 

 DEFENDANT: Uh-huh.
 

 THE COURT: All right. Do you understand?
 

 DEFENDANT: Yes.
 

 (Boldface removed.)
 

 [5]
 

 . We express no view on the merits of the pro se motion: In his hand-written motion, Mr. Jones stated he felt he had jumped to the wrong conclusion in entering the plea because he was afraid of what would happen to him if he went to trial. He noted that he had called home and been informed that there had been "lots of threats” regarding his testifying against co-defendants. He indicated he did not "want to speak on” the actions of his co-defendants in court. He also stated he believed he was not guilty and there was a lack of physical evidence tying him to the scene of the crime, but asserted that he had been pressured by his mother to enter the plea.
 

 But we note Mr. Jones ought to have the right to amend, with the assistance of counsel, on remand.
 
 Cf. Padgett v. State,
 
 743 So.2d 70, 73 (Fla. 4th DCA 1999) ("A defendant’s right to effective assistance of counsel in the appeal of the issues which were presented in, and preserved by, the filing of a rule 3.170(1) motion would be hollow indeed if the defendant were not allowed the guiding hand of counsel to assist in preparing the initial motion to withdraw the plea.” (footnote omitted)).