# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-2947
_____

SHANE MATTHEW MORROW,

    Appellant,

    v.

STATE OF FLORIDA,

    Appellee.

_____

On appeal from the Circuit Court for Okaloosa County.
Terrance R. Ketchel, Judge.

September 11, 2024


B.L. THOMAS, J.

Appellant challenges the denial of his pro se motion to withdraw plea without affording him conflict-free counsel. Because we agree with Appellant that the trial court should have appointed conflict-free counsel pursuant to *Sheppard v. State*, 17 So. 3d 275, 286 (Fla. 2009), we reverse and so do not reach the other issue raised.

In Okaloosa County Circuit Court case 2021-CF-2674, Appellant was charged with traveling to meet a minor for sexual favors, using a computer to facilitate or solicit the sexual conduct of a child, two counts of transmission of harmful materials to a minor, and unlawful use of a two-way communications device to facilitate the commission of a felony. In Okaloosa County Circuit

Court case 2022-CF-273, he was charged with three counts of using a computer to facilitate or solicit sexual conduct of a child, five counts of transmission of harmful materials to a minor, and unlawful use of a two-way communications device to facilitate the commission of a felony. He was also charged with violating probation in a separate case number. The charges arose from internet chats with three different police officers posing as minors.

Appellant entered an open, no contest plea to all charges in all three case numbers. Then, before sentencing, he filed a pro se motion to withdraw the plea pursuant to Florida Rule of Criminal Procedure 3.170(f). As grounds for withdrawal, the motion alleged that trial counsel had not visited Appellant in a year, that counsel never took a deposition of one of the officers involved in the chats or interviewed two other officers who had taken a statement from Appellant, that counsel should have deposed additional witnesses, that counsel should have demanded a statement of particulars, that there were jurisdiction issues, and that there was a double jeopardy issue with convictions for both solicitation and using a two-way communication device. The circuit court struck the pro se motion as a nullity because Appellant was represented by counsel and specifically found that the motion had not made allegations of an adversarial relationship between Appellant and his counsel.

On the date of sentencing and prior to the sentencing hearing taking place, Appellant's trial counsel indicated that Appellant wished to be heard, and the circuit court allowed it. Appellant then asserted that he wished to withdraw his plea and specifically argued that convictions for both solicitation and traveling to meet a minor violated the prohibition against double jeopardy. Appellant stated that he believed there was a double jeopardy issue concerning the seven total counts of transmitting harmful materials to minors because he had only sent five sexual images. Appellant also said that he would like time to review all the evidence against him so he could make a better determination of the issues.

Appellant's trial counsel stated that he did not agree with Appellant's arguments and that he did not believe that Appellant's pro se motion had merit. Counsel also stated that if Appellant continued with his motion to withdraw plea, counsel would have

2

to withdraw from the representation because Appellant's pro se motion was essentially arguing that counsel was ineffective. The circuit judge then stated that if he delayed sentencing and if counsel sought to withdraw, he would grant counsel's motion as "well-founded." The judge asked Appellant what he would do if that happened, and Appellant said that he would probably seek a court-appointed attorney.

After a brief recess, the judge denied Appellant's motion to withdraw plea for lack of a legal basis. Appellant was then adjudicated guilty on all charges and sentenced.

In general, the standard of review of a trial court's denial of a motion to withdraw plea is abuse of discretion. *See Rentz v. State*, 285 So. 3d 1009, 1012 (Fla. 1st DCA 2019). However, both the initial inquiry of whether the motion's allegations give rise to an adversarial relationship and the later inquiry of whether the record conclusively refutes the motion's allegations are matters that may be decided on the basis of the written materials alone and are therefore reviewed de novo. *Smith v. State*, 21 So. 3d 72, 74–75 (Fla. 1st DCA 2009).

Florida Rule of Criminal Procedure 3.170(f) provides:

> The court *may in its discretion*, and *shall on good cause*, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn and, if judgment of conviction has been entered thereon, set aside the judgment and allow a plea of not guilty, or, with the consent of the prosecuting attorney, allow a plea of guilty or no contest of a lesser included offense, or of a lesser degree of the offense charged, to be substituted for the plea of guilty or no contest.

(emphasis added).

The Florida Supreme Court has outlined the following procedure for when a represented defendant files a pro se motion to withdraw plea:

3

[W]hen a represented defendant files a pro se rule 3.170(*l*) motion based on allegations *giving rise to an adversarial relationship such as counsel's misadvice, misrepresentation, or coercion that led to the entry of the plea[,] [i]n these narrow circumstances, the trial court should not strike the pleading as a nullity* even though the defendant did not also specifically include the phrase, "I request to discharge my counsel." Rather, the trial court should hold a limited hearing at which the defendant, defense counsel, and the State are present. *If it appears to the trial court that an adversarial relationship between counsel and the defendant has arisen and the defendant's allegations are not conclusively refuted by the record, the court should either permit counsel to withdraw or discharge counsel and appoint conflict-free counsel to represent the defendant.*

*Sheppard v. State*, 17 So. 3d 275, 286 (Fla. 2009) (emphasis added) (citations omitted).

Here, Appellant's initial written motion to withdraw plea, which the trial court struck as a nullity, included allegations that may have given rise to an adversarial relationship. However, we need not reach that question because Appellant did have a hearing later at which he made an oral motion to withdraw plea, again raising concerns about double jeopardy. Appellant's trial counsel then stated that he did not support Appellant's arguments and that he believed the pro se motion lacked merit.

We agree with Appellant that this case is similar to *Jones v. State*, 74 So. 3d 118 (Fla. 1st DCA 2011). In *Jones*, the defendant entered a plea and then at a subsequent hearing, his trial counsel informed the trial court that Jones sought to withdraw his plea. 74 So. 3d at 119. Based on discussions with his client, counsel said he would be in an adverse position with him, and so counsel asked the court to appoint independent counsel for Jones for purposes of a motion to withdraw plea. *Id*. The trial court instead directed Jones to prepare a written statement or motion to withdraw plea on his own, specifying the grounds. *Id*. At the subsequent hearing on Jones's pro se motion, his trial counsel stated that he did not think

4

that the motion set forth legal grounds to withdraw the plea and that the motion lacked merit. *Id.* at 120–21.

This Court reversed the trial court's denial of Jones's motion to withdraw plea, explaining:

> Once [trial counsel] told the trial court that he did not believe Mr. Jones had (left to his own devices, without the assistance of counsel) stated a legally sufficient basis for withdrawing his plea, the relationship between Mr. Jones and [trial counsel] had plainly become adversarial. Even if unpersuaded that the reasons alleged as a basis for withdrawal rose to the level of good cause, requiring the court to allow withdrawal, it is not apparent why [trial counsel] chose not to argue that the trial court should exercise its discretion to permit his minor client to withdraw his open plea, as contemplated by the rule. *See* Fla. R.Crim. P. 3.170(f) ("The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn.").

*Id.* at 121. Thus, the Court found an adversarial relationship such that "Jones was essentially unrepresented by counsel during the preparation of the motion to withdraw his plea, at the 'review hearing,' and at the hearing on the motion to withdraw." *Id.* at 122. "Allowing a criminal defendant to proceed unrepresented in the absence of a waiver of counsel is fundamental error, not unlike letting proceedings go forward in a trial court that lacks subject matter jurisdiction." *Id.* at 123. The Court reversed Jones's conviction and sentence and remanded with directions to vacate the order denying the motion to withdraw plea and appoint conflict-free counsel to represent Jones. *Id.*

Similarly to the facts in *Jones*, Appellant's trial counsel informed the court that he did not agree that Appellant's pro se motion to withdraw plea had any merit and that if Appellant proceeded with the motion, counsel would seek to withdraw from the representation. This sufficiently demonstrated an adversarial relationship between Appellant and his trial counsel.

After a motion to withdraw plea is filed, "[i]f the trial court then determines that an adversarial relationship exists between

5

the defendant and defense counsel, it must appoint conflict-free counsel to represent the defendant, *unless the record conclusively refutes the defendant's allegations.*" *Smith v. State*, 21 So. 3d 72, 74 (Fla. 1st DCA 2009) (emphasis added). Here, the bases for withdrawing the plea that Appellant provided orally in his renewed motion at the sentencing hearing were: 1) that convictions for both solicitation and traveling to meet a minor violated the prohibition against double jeopardy; and 2) that there was a double jeopardy issue concerning the seven total counts of transmitting harmful materials to minors because Appellant asserted that he had only sent five pictures.

The second allegation is conclusively refuted by the record because the arrest report in case 2021-CF-2674 indicates that Appellant sent "several" sexual images to the undercover officer in that case, supporting the two counts of transmitting harmful materials in that case number. The arrest report in case 2022-CF-273 shows that Appellant sent at least five sexual images and a video to the undercover officers in that case, supporting the five counts of transmitted harmful materials in that case number.

The first allegation, however—that convictions for both solicitation and traveling to meet a minor violated the prohibition against double jeopardy—cannot be conclusively refuted by the record. "[B]ecause the statutory elements of solicitation are entirely subsumed by the statutory elements of traveling after solicitation, the offenses are the same for purposes of the *Blockburger* same-elements test codified in section 775.021(4), Florida Statutes. Therefore, double jeopardy principles prohibit separate convictions based upon the same conduct." *State v. Shelley*, 176 So. 3d 914, 919 (Fla. 2015) (internal citations omitted). But "convictions for both soliciting and traveling may be legally imposed in cases in which the State has charged and proven separate uses of computer devices to solicit." *Shelley v. State*, 134 So. 3d 1138, 1142 (Fla. 2d DCA 2014). The arrest reports in the instant case indicate that the charges arose from internet conversations between Appellant and three undercover officers over the course of at least three days. Although it is possible that these charges are based on different conduct by Appellant over the course of the three-day period, the record does not conclusively refute Appellant's allegation that these charges violated the

6

prohibition against double jeopardy by being based upon the same conduct. We do not address the merits of the double jeopardy claim of course. But where the record does not refute the argument, we must reverse under *Sheppard*.

We reverse the convictions and sentences, and remand with directions to vacate the order denying the motion to withdraw plea and to appoint conflict-free counsel to represent Appellant.

REVERSED and REMANDED.

RAY and KELSEY, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Jessica J. Yeary, Public Defender, Ross S. Haine II, Assistant Public Defender, Tallahassee, for Appellant.

Ashley Moody, Attorney General, Heather Flanagan Ross, Assistant Attorney General, Tallahassee, for Appellee.