# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

———————————————

Nos. 1D2024-0799
1D2024-0803
1D2024-0804

———————————————

AMBER RODGERS,

   Appellant,

   v.

STATE OF FLORIDA,

   Appellee.

———————————————

On appeal from the Circuit Court for Alachua County.
James Colaw, Judge.


July 2, 2025


PER CURIAM.

Amber Rodgers challenges the trial court's denial of her motion to withdraw plea without appointing her conflict-free counsel. We agree that the trial court should have appointed conflict-free counsel before reaching the merits of her motion to withdraw plea.

Generally, denial of a motion to withdraw plea is reviewed for abuse of discretion. *Morrow v. State*, 392 So. 3d 1127, 1129 (Fla. 1st DCA 2024). "A motion to withdraw a plea, filed pursuant to Florida Rule of Criminal Procedure 3.170(f) prior to sentencing, is a critical stage of the proceedings at which a defendant is entitled

to representation by counsel." *Jones v. State*, 74 So. 3d 118, 120 (Fla. 1st DCA 2011). A denial of counsel in such a critical stage "is encompassed within the class of constitutional errors called 'structural defects,' which affect 'the framework within which the trial proceeds.'" *Id.* at 121 (quoting *Arizona v. Fulminante*, 499 U.S. 279, 309–10 (1991)). "Allowing a criminal defendant to proceed unrepresented in the absence of a waiver of counsel is fundamental error." *Jones*, 74 So. 3d at 123; *Morrow*, 392 So. 3d at 1130. Moreover, "[w]hen it becomes apparent that the defendant and his counsel are on opposite sides on the question of whether a plea should be withdrawn, the defendant is entitled to conflict-free counsel." *Jones*, 74 So. 3d at 121. "[I]f the trial court then determines that an adversarial relationship exists between the defendant and defense counsel, it must appoint conflict-free counsel to represent the defendant, unless the record conclusively refutes the defendant's allegations." *Morrow*, 392 So. 3d at 1131 (quoting *Smith v. State*, 21 So. 3d 72, 74 (Fla. 1st DCA 2009)).

In *Jones*, we held that leaving a defendant to draft and present a motion to withdraw plea on his own because of counsel's doubts about its merits amounts to a denial of conflict-free counsel. 74 So. 3d at 122 (calling the defendant "essentially unrepresented by counsel" in drafting and at the hearing on the motion). After the defendant's counsel in *Jones* advised the court that he was adverse to the defendant's desire to withdraw the plea, the court didn't discharge counsel but directed the defendant to submit his own filing. *Id.* at 119. At the hearing, defendant's counsel told the court his belief that the motion lacked merit. *Id.* at 120. When the case reached this court on appeal, we concluded that the attorney-client relationship in *Jones* became plainly adversarial when counsel "told the trial court that he did not believe Mr. Jones had . . . stated a legally sufficient basis for withdrawing his plea." *Id.* at 121. We stated that by not appointing conflict-free counsel to Mr. Jones, the trial court committed fundamental error by requiring the Appellant "to proceed unrepresented by any counsel, conflict-free or otherwise." *Id.* at 123.

Similarly in this case, counsel only filed a shell motion appending substantive allegations that Rodgers had drafted on her own, a de facto pro se filing. And while counsel was present at the motion hearing, he did not question Rodgers nor advocate for her.

2

Like in *Jones*, counsel did not even ask the court to grant Rodgers's motion as a discretionary matter if good cause was not shown. *See id.* at 121 ("Even if unpersuaded that the reasons alleged as a basis for withdrawal rose to the level of good cause, requiring the court to allow withdrawal, it is not apparent why [defense counsel] chose not to argue that the trial court should exercise its discretion to permit his minor client to withdraw his open plea, as contemplated by the rule."); Fla. R. Crim. P. 3.170(f) ("The court may in its discretion, and shall on good cause, at any time before a sentence, permit a plea of guilty or no contest to be withdrawn."). After failing to offer any argument on behalf of the motion, counsel told the court that "I was kind of stuck between a rock and a hard place. . . . That's why I wrote the motion and let her explain it." Because it appears that an adversarial relationship existed between counsel and the defendant, the court should have either permitted counsel to withdraw or discharged counsel and appointed conflict-free counsel to represent the defendant." *Sheppard v. State*, 17 So. 3d 275, 287 (Fla. 2009).

Finally, Rodgers's factual allegations were not refuted by the record, such that we could find the failure to appoint conflict-free counsel to be harmless. *Morrow*, 392 So. 3d at 1131 (looking to whether the allegations were conclusively refuted by the record before determining if the court reversibly erred in failing to appoint conflict-free counsel). Rodgers's assertion that she was ignorant of important consequences of her plea, losing the right to vote and the right to own firearms, was not refuted by her prior plea colloquy. Thus, the error was not harmless.

Accordingly, we reverse the judgments and sentences involved here, and remand with directions to vacate the order denying the motion to withdraw plea and to appoint conflict-free counsel to represent Rodgers.

REVERSED and REMANDED.

OSTERHAUS, C.J., and ROBERTS and BILBREY, JJ., concur.

3

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Jessica J. Yeary, Public Defender, and Kasey Lacey, Assistant Public Defender, Tallahassee, for Appellant.

James Uthmeier, Attorney General, and Ryan Roy, Assistant Attorney General, Tallahassee, for Appellee.